JIM WHITE v. J. H. SOUTHARD, JR.

(Filed 29 October, 1952.)

**Judgments § 9—**

No judgment by default, whether by default final or by default and inquiry, may be entered so long as answer remains filed of record, regardless of whether it was filed within time or not, and where the clerk cannot determine whether answer was filed before or after he signed the default judgment, his order setting aside the default judgment on proper motion will be upheld. In such instance G.S. 1-220 is not applicable and movant is not required to show excusable neglect and a meritorious defense.

APPEAL by plaintiff from *Bennett, Special Judge,* February Term, 1952, of CLEVELAND.

This is a civil action instituted on 25 September, 1950, by the plaintiff against the defendant to recover upon a promissory note executed and delivered by the defendant to the plaintiff on 24 December, 1948, in the sum of $700.00, payable on 24 April, 1949. Ancillary to the action, the plaintiff caused to be issued a writ of claim and delivery for property conveyed in a chattel mortgage given as security for the payment of the note.

The summons, copy of the verified complaint, and writ were served on the defendant 27 September, 1950, and the defendant retained possession of the property by executing bond therefor.

On 28 October, 1950, the Clerk of the Superior Court rendered a default judgment against the defendant and in favor of the plaintiff for $700.00, with interest from 24 April, 1949, until paid, together with the cost of the action, and for the possession of the property seized under the writ of claim and delivery, etc. On the same day the default judgment was signed, the defendant filed with the Clerk his answer in which he admitted the execution of the note and chattel mortgage, but denied his refusal to pay the same. And as a further answer, defense and counterclaim, the defendant alleges that he paid to the plaintiff $600.00 on 22 January, 1949, to apply on the note described in the complaint, and that he holds the plaintiff's receipt therefor. He sets up a counterclaim of $75.00 due the defendant by the plaintiff for wiring and installing an electric range and water heater, payment for which had been demanded but remained unpaid. The defendant admitted that he was indebted to the plaintiff in the sum of $25.00, and tendered such amount in full and complete satisfaction of the amount due to the plaintiff on the note and mortgage described in the complaint.

The defendant moved before the Clerk of the Superior Court on 20 October, 1951, to set aside the judgment entered against him by default on 28 October, 1950, on the ground that the defendant had filed his answer

in the office of the Clerk of the Superior Court before the judgment by default was signed. This motion was heard by the Clerk on 1 February, 1952, who entered an order setting aside the judgment because the answer and default judgment were filed on 28 October, 1950, one day after the expiration of the time for filing the answer, and he could not determine which one was filed first.

The plaintiff appealed from the ruling of the Clerk to the Judge of the Superior Court. His Honor affirmed the ruling of the Clerk, in his discretion, and allowed the defendant five days to file or refile his answer. From this ruling the plaintiff appeals and assigns error.

*Horace Kennedy and Joe F. Mull for plaintiff, appellant.*
*No counsel contra.*

DENNY, J.   The appellant contends that the appellee is not entitled to have the default judgment, entered 28 October, 1950, set aside, unless he shows excusable neglect and a meritorious defense as required by the provisions of G.S. 1-220. This contention is without merit. The provisions of G.S. 1-220 are inapplicable to the facts disclosed on this record.

A clerk of the Superior Court may, in proper cases, when no answer has been filed, enter a judgment by default final or default and inquiry as authorized by G.S. 1-211, 1-212 and 1-213. G.S. 1-214. However, when an answer has been filed, whether before or after the time for answering had expired, so long as it remains filed of record, the clerk is without authority to enter a judgment by default. *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; *Cahoon v. Everton,* 187 N.C. 369, 121 S.E. 612; *Investment Co. v. Kelly,* 123 N.C. 388, 31 S.E. 671. And when the clerk cannot determine whether an answer was filed before or after he signed a judgment by default, such judgment, upon proper motion in the cause, should be set aside.

The judgment below will be upheld.

Affirmed.