CARSON C. CRANFORD v. MARK STEVEN STEED, BY HIS GUARDIAN AD LITEM RUTH MORRIS STEED, AND RUTH MORRIS STEED.

(Filed 30 November, 1966.)

**Judgments § 25—    Court must determine validity of consent judgment before dismissing defendants' counterclaims because precluded by the judgment.**

It is error for the court to dismiss defendants' answers and counterclaims, filed within the time allowed, on the ground that a consent judgment settling the controversy had been entered prior to the filing of the answers and counterclaims, when at the time there was on file and undetermined, defendants' motions to vacate the purported consent judgment on the ground that it was procured by defendants' insurer without their knowledge or consent, since a determination of defendants' motions to vacate the purported consent judgment is a prerequisite to the determination of plaintiff's motions to dismiss the answers and counterclaims, obviating any objection that no notice had been given of a hearing on defendants' motions to vacate the judgment.

APPEAL by defendants from *Latham, Special Judge,* May 2, 1966 Civil Session of RANDOLPH.

Plaintiff instituted this action to recover damages for personal injuries and property damage he sustained September 3, 1965, as the result of a collision on N. C. Highway No. 49 between the (his) farm tractor he was operating and an automobile owned by defendant Ruth Morris Steed (Mrs. Steed) and operated by her son, defendant Mark Steven Steed (Mark).

This action was commenced as to Mark by the issuance of summons on December 17, 1965, and as to Mrs. Steed by the issuance of summons on January 7, 1966. On December 17, 1965, an order was entered extending the time for filing complaint (as to Mark) until January 6, 1966. The complaint, in which Mark and Mrs. Steed were named defendants, was filed January 6, 1966. It was served on Mark and on Mrs. Steed on January 11, 1966.

On January 26, 1966, John H. Skeen, Clerk of the Superior Court, signed the following judgment:

"This cause coming on to be heard and being heard before the Honorable John H. Skeen, Clerk of the Superior Court of Randolph County, and it appearing to the Court from the statement of counsel that all matters of controversy set out in the pleadings have been agreed upon by the parties, and that the defendants have agreed to pay to the plaintiff and the plaintiff has agreed to accept the sum of $1033.90 and the costs of this action in full accord and satisfaction thereof.

"Now, therefore, it is ordered, adjudged, and decreed that the plaintiff have and recover of the defendants the sum of $1033.90 and the costs of this action to be taxed by the Clerk."

On February 10, 1966, defendants applied for and obtained an order extending their time for filing answer or other pleading through March 2, 1966. The order for such extension was signed by Roberta G. Lewis, Assistant Clerk of Superior Court.

Defendants' application for such extension, signed by Ottway Burton, Esq., their personal counsel, asserted, *inter alia*, that "Nationwide Mutual Automobile Insurance Company who *(sic)* was carrying the un-insured motorist contract for the defendants has without any authorization or ratification . . . attempted to purportedly settle this case and the defendants' attorney has not had sufficient time to fully investigate matter."

The affidavit of Mrs. Steed filed March 1, 1966, and the joint affidavit of Mark and of Mrs. Steed as guardian *ad litem* for Mark, filed March 2, 1966, asserted that any purported settlement was without their authorization or ratification and completely contrary to their wishes; that they had no information that said purported consent judgment of January 26, 1966, had been entered, until the date of their affidavits, to wit, February 26, 1966; and that they had authorized their attorney to proceed to have said consent judgment stricken from the record. The case on appeal states: "March 1, 1966: Both defendants filed a motion in the form of an affidavit dated February 26, 1966, to have purported judgment stricken from the record. A copy of the affidavit given to the plaintiff's attorney."

On March 1, 1966, John H. Skeen, Clerk of Superior Court,

upon an affidavit of Mrs. Steed that Mark was an infant, without general or testamentary guardian, appointed Mrs. Steed as guardian *ad litem* to represent Mark in this action.

On March 1, 1966, separate answers and counterclaims were filed (1) by Mrs. Steed, individually, and (2) by Mrs. Steed, as guardian *ad litem* for Mark, the counterclaims being for property damage and for personal injuries, respectively.

On March 13, 1966, plaintiff moved that the answer and counterclaim of each defendant be dismissed "for that Summons has not been issued in said cause."

Judge Latham, in separate orders dated May 5, 1966, dismissed each answer and counterclaim and taxed defendants with the costs. Each order recites that plaintiff's motion to dismiss was allowed for that "(a) judgment had been entered in said cause on the 26th day of January, 1966 . . . and said answer and counterclaim were filed in said cause on March 1, 1966."

In a supplemental order dated May 12, 1966, Judge Latham set forth that plaintiff's said motions to dismiss were calendared for hearing on Monday, May 2, 1966; that defendants, through their counsel, moved that said purported judgment of January 26, 1966, be vacated; that plaintiff's counsel objected on the ground no notice had been given of a hearing on defendants' motion to vacate; and that "the court sustained the objection and refused to hear the motion to vacate, to which ruling the defendants, through counsel, and in apt time, excepted."

Defendants, having excepted to said orders of May 5, 1966, and to the rulings referred to in the order of May 12, 1966, appealed.

*Walker, Anderson, Bell & Ogburn for plaintiff appellee.*
*Ottway Burton for defendant appellants.*

BOBBITT, J. The complaint having been served on defendants on January 11, 1966, the time for filing answer had not expired on January 26, 1966, the date the purported consent judgment was entered. Defendants' motion for an extension of time to file answer or other pleading was filed February 10, 1966, within thirty days after service of complaint. On February 10, 1966, the assistant clerk extended the time for defendants to plead through March 2, 1966. Hence, but for said purported consent judgment of January 26, 1966, defendants' pleadings were filed in apt time. G.S. 1-125.

On January 26, 1966, when the purported consent judgment was entered, a guardian *ad litem* had not been appointed to represent Mark. Mrs. Steed was appointed guardian *ad litem* on March 1, 1966. Assuming Mark was an infant without general or testamentary guardian on January 26, 1966, this fact alone would seem suffi-

cient to require that the purported consent judgment of January 26, 1966, be vacated as to him. 2 Strong, N. C. Index, Infants § 3. However, the principal contention of both defendants is that the purported consent judgment should be declared void and set aside because it was entered without their authority, consent or knowledge.

Decision requires application of the following well established legal principles, *viz.:*

"A judgment by consent is the agreement of the parties, their decree, entered upon the record with the sanction of the court. (Citations) It is not a judicial determination of the rights of the parties and does not purport to represent the judgment of the court, but merely records the pre-existing agreement of the parties. (Citations) It acquires the status of a judgment, with all its incidents, through the approval of the judge and its recordation in the records of the court." *McRary v. McRary,* 228 N.C. 714, 719, 47 S.E. 2d 27, 31. Accord: *Owens v. Voncannon,* 251 N.C. 351, 354, 111 S.E. 2d 700, 703; 3 Strong, N. C. Index, Judgments § 8.

"The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement of the parties and promulgates it as a judgment. (Citations)" *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794. Accord: *Stanley v. Cox,* 253 N.C. 620, 632, 117 S.E. 2d 826, 834; 3 Strong, N. C. Index, Judgments § 8.

"(W)hen a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the cause." *King v. King,* 225 N.C. 639, 35 S.E. 2d 893, and cases cited. Accord: *Brown v. Owens,* 251 N.C. 348, 350, 111 S.E. 2d 705, 707; *Overton v. Overton,* 259 N.C. 31, 37, 129 S.E. 2d 593, 598; 3 Strong, N. C. Index, Judgments § 25.

On May 2, 1966, when the case was calendared for hearing on plaintiff's motions to dismiss the answers and counterclaims, there was on file and undetermined defendants' motion to vacate said purported consent judgment of January 26, 1966. The basis of plaintiff's said motions was his contention that the purported consent judgment was a final judgment and therefore no further proceedings in the cause were permissible. Hence, a determination of defendants' motion to vacate the purported consent judgment was a prerequisite to decision of plaintiff's motions to dismiss defendants' answers and counterclaims. It was error to proceed to a consideration and determination of plaintiff's said motions without first affording defendants an opportunity to be heard on their pending motion to vacate said purported consent judgment.

The orders dismissing defendants' answers and counterclaims

are vacated and the cause is remanded with direction that a hearing be had and determination made on defendants' motion to vacate said purported consent judgment of January 26, 1966. Further proceedings herein will depend on the decision made pursuant to such hearing.

Error and remanded.