RUTH MORRIS STEED v. CARSON CLARK CRANFORD

No. 7019SC52

(Filed 25 February 1970)

1. **Judgments § 15;   Clerks of Court § 2—   judgment by default — jurisdiction of clerk — unverified answer**

When an unverified answer has been filed to a verified complaint, the clerk of superior court has no authority to enter a judgment by default and inquiry unless and until the unverified answer has been stricken.

2. **Judgments § 20—   setting aside default judgment — authority of court**

A judge of the superior court has the authority to set aside a judg-

ment by default and inquiry that has been entered contrary to the course and practice of the court.

**3. Pleadings § 16; Judgments § 20— setting aside default judgment — verification of answer nunc pro tunc — authority of court**

A judge of the superior court had authority to set aside a judgment by default and inquiry and to allow defendant to verify *nunc pro tunc* the answer filed to a verified complaint, where the clerk of superior court had entered the default judgment, without notice to defendant or his counsel, on the ground that the answer had not been verified.

APPEAL by plaintiff from an order entered by *Lupton, J.,* in the Superior Court of RANDOLPH County.

On 27 February 1969 plaintiff instituted this action to recover damages to her Chevrolet automobile growing out of a collision between her said Chevrolet automobile and a farm tractor owned and operated by the defendant. At the time of the collision between the Chevrolet automobile belonging to the plaintiff and the farm tractor owned and operated by the defendant, plaintiff's vehicle was being driven by her son, Mark Steven Steed. The collision between the two vehicles was alleged to have occurred on 3 September 1965 under circumstances for which the defendant was liable. The complaint was duly verified and was served, together with summons, on the defendant on 27 February 1969.

On 25 March 1969 the Defendant applied for an extension of time to file pleadings and procured an order to that effect allowing the defendant through 18 April 1969 to file pleadings.

On 18 April 1969 the defendant filed an answer denying the material allegations of the complaint, pleading contributory negligence on the part of Mark Steven Steed, the driver of plaintiff's vehicle, and setting up a counterclaim for property damage to his farm tractor and for personal injuries, all due to the negligence of the said Mark Steven Steed.

This answer was not verified.

On 6 May 1969 the Clerk of Superior Court of Randolph County, on motion of the plaintiff, entered a judgment by default and inquiry for that "no verified answer, demurrer or other pleadings" had been filed by the defendant.

On 8 May 1969 the defendant filed a motion to set aside the judgment by default and inquiry which had been entered on 6 May 1969 and for permission for the defendant to verify the answer.

On 8 May 1969 the defendant served notice on the attorney for

-the plaintiff that the motion, a copy of which was attached to the notice, would be presented to the presiding judge at the 9 June 1969 Civil Session of Superior Court of Randolph County.

On 13 June 1969 Judge Lupton entered an order containing the following:

"1.  That a judgment designated 'Judgment by Default and Inquiry' was entered by the clerk of Superior Court, Randolph County, North Carolina, in the above styled cause on 6 May, 1969.

2.  That at the time of filing the judgment by default and inquiry, the defendant, through counsel, Walker, Bell & Ogburn, had filed an unverified answer on 18 April, 1969, which answer contained a further answer, further defense and counterclaim;

3.  That the defendant had obtained through counsel a 20 day extension of time in which to file answer, to and including 18 April, 1969.

4.  That at the time of filing the answer on 18 April, 1969, counsel for defendant informed Ottway Burton, attorney for plaintiff, that the defendant was unable, due to illness, to come to counsel's office to verify the answer, and requested a 2 day extension of time in which to file answer so that it could be verified; that this request was made on the afternoon of April 18, 1969, about 2:00 or 3:00 p.m.; that plaintiff's attorney refused to grant this 2 day extension and that counsel for defendant informed the attorney for plaintiff that he was going to file an unverified answer in order to protect his client's (the defendant's) rights;

5.  Further, that on 18 April, 1969, an unverified answer was filed by defendant, through counsel, in this cause.

6.  Thereafter on 6 May, 1969, a paper writing denominated 'Default and Inquiry Judgment' was entered in this cause;

7.  That this default and inquiry judgment was entered without notice to defendant or his counsel; that the defendant nor his counsel of record had any notice of a hearing concerning the entry of said default and inquiry judgment; that neither the defendant nor his counsel had any notice that the default and inquiry judgment was going to be presented; that at no time did either the clerk of Superior Court of Randolph County, North Carolina, or any of his assistants, nor the plaintiff nor plaintiff's counsel, nor any person or persons inform the defend-

ant or his counsel that the default and inquiry judgment would be presented or that there would be a hearing on said default and inquiry nor that a default and inquiry would be requested in this cause;

8. And the court further finds as a fact that defendant has a meritorious defense in the matter and things stated in the complaint and that the ends of justice require that the defendant be allowed to verify his answer nunc pro tunc as of April 18, 1969.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that, in the furtherance of justice and in the discretion of the court, the judgment by default and inquiry, signed by John H. Skeen on May 6, 1969, be stricken and set aside.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that, in the furtherance of justice and in the discretion of the court, the defendant be and he is hereby allowed to verify his answer filed in the above styled cause nunc pro tunc as of 18 April 1969.

This the 13 day of June, 1969.

HARVEY A. LUPTON
Judge Presiding"

The plaintiff filed exceptions to practically all of the findings of fact contained in the order of Judge Lupton and to the order as a whole, and appealed to the Court of Appeals.

*Ottway Burton, for plaintiff appellant.*

*Walker, Bell and Ogburn by John N. Ogburn, Jr., for defendant appellee.*

CAMPBELL, J.

The vehicular collision which is the subject matter of this litigation has given rise to much litigation since its occurrence on 3 September 1965. Another phase of this litigation is contained in the case of *Cranford v. Steed,* 268 N.C. 595, 151 S.E. 2d 206 (1966).

[1] This case presents three questions: (1) Does the Clerk of Superior Court have authority to enter a judgment by default and inquiry in a pending action when there has been filed an unverified answer to a verified complaint? The answer to this is, no. Under such circumstances the Clerk of Superior Court has no authority to enter a judgment until and unless the unverified answer has been stricken.

This exact question was determined in the case of *Rich v. R. R.,* 244 N.C. 175, 92 S.E. 2d 768 (1956) in the following words:

> "When the answer filed 10 September, 1954, by all defendants and raising serious issues of fact, remained on file without challenge until 12 April, 1955, neither the plaintiff nor the clerk was at liberty to ignore it even though deficient in respect of verification by the individual defendants. Plaintiff's remedy was by motion, after due notice to the opposing parties or their counsel, to strike out such answer and then for judgment for want of answer. . . ."

[2]   The second question presented is, where a judgment by default and inquiry has been entered contrary to the course and practice of the court, does the Judge of the Superior Court have the authority to set it aside? The answer to this question is, yes. *Rich v. R. R., supra.*

[3]   The third question presented is, under the facts and circumstances of this case, did Judge Lupton have the authority to allow the defendant to verify, *nunc pro tunc,* the answer theretofore filed by him? The answer to this question is, yes. *Rich v. R. R., supra.*

The order of Judge Lupton is, in all respects,

Affirmed.

PARKER and HEDRICK, JJ., concur.