STATE OF NORTH CAROLINA v. L. E. DAUGHTRY, JESSIE MATTHEWS, AND JAMES E. SCOTT

No. 702SC161

(Filed 27 May 1970)

**1. Attorney and Client § 2— purported appearance by out-of-state attorneys — failure to comply with G.S. 84-4.1**

Where two attorneys purportedly appearing for defendants in appeal from criminal conviction are not members of the North Carolina Bar and were not authorized to appear in this case in compliance with G.S. 84-4.1, they will not be considered as participating attorneys.

**2. Criminal Law § 155.5— failure to docket record on appeal in apt time**

APPEAL by defendants from *Parker, J.,* October 1969 Session, HYDE Superior Court.

The defendants were charged in separate bills of indictment with unlawfully engaging in an assemblage of more than three persons in the Community of Middletown, the members of said assemblage being armed with firearms and thereafter engaging in a riot and provoking a breach of the peace causing serious bodily injuries of certain named persons and causing damage to property.

Each defendant entered a plea of not guilty, and the cases were consolidated for the purpose of trial.

The evidence disclosed that during the afternoon and evening of 4 July 1969, the defendants, along with many others, participated in a gathering or rally in the vicinity of the United Klans of America meeting hall, which was located in Middletown. During the course of the afternoon and evening, a sound truck was located in front of the hall. Records were played on the sound truck, and speeches were made through the same facility. By means of the amplifying devices on the sound truck, the music and speeches could be heard for more than a mile. The records and the speeches were of such nature as to be offensive to members of the Negro race who lived within the sound of the amplifying system. A group of Negroes were attracted to the location, and law enforcement officers were called to the scene.

Under such circumstances firearms were discharged by those attending the Klan rally and likewise by the Negroes. The evidence

was conflicting as to which side first started shooting. The evidence, however, is replete that considerable shooting occurred. One Negro girl was shot in the leg; the High Sheriff of the county and two members of the North Carolina Highway Patrol received minor wounds from shotgun blasts. The three defendants were present dressed in security guard uniforms of the Klan. There was no evidence that either of the defendants discharged a firearm. Nevertheless, the defendant Scott had a pistol in his possession, and the defendant Matthews had ammunition in his possession.

Each defendant was found guilty by the jury, and from the imposition of a suspended sentence with conditions attached thereto, the defendants appealed to this Court.

*Attorney General Robert Morgan by Trial Attorney Charles M. Hensey for the State.*

*LeRoy Scott for defendant appellants.*

CAMPBELL, J.

[1] In addition to Mr. Scott, Arthur J. Hanes, Sr., and Fred Blanton, Jr., members of the Alabama Bar, purportedly appeared for the defendants. Since neither Hanes nor Blanton is a member of the North Carolina Bar and not authorized to appear in this case in compliance with the North Carolina law, G.S. 84-4.1, they will not be considered as participating attorneys.

[2] The judgment was entered in the trial court on 9 October 1969. According to Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina, it was necessary that the record on appeal be docketed within 90 days thereafter unless the trial tribunal for good cause extended the time, not exceeding an additional 60 days, for docketing the record on appeal. Consequently, without an extension by the trial tribunal, the record on appeal should have been docketed in this Court on 7 January 1970. It was actually docketed on 19 January 1970 which was 12 days late. There was no order from the trial tribunal entered under the provisions of Rule 5, *supra*, extending the time within which the record on appeal might be docketed.

For failure to comply with the rules of this Court, this appeal, pursuant to Rule 17, is

Dismissed.

PARKER and VAUGHN, JJ., concur.