RESORT DEVELOPMENT COMPANY, INC. v. ILA FREEMAN PHIL-
LIPS (WIDOW); LULA FREEMAN HILL AND HUSBAND, FRANK C.
HILL; CELESTE BURNETT EATON AND HUSBAND, HUBERT A.
EATON; FOSTER F. BURNETT, JR. AND WIFE, GLORIA M. BURN-
ETT; MARIE GAUSE (WIDOW); VICTOR FREEMAN (SINGLE);
VIOLA F. RODICK AND HUSBAND, LEWIS RODICK; GENEVA
CROMARTIE (WIDOW); OLIVER DINKINS, JR. AND WIFE, MER-
CEDES DINKINS; MARTHA HOLIDAY HAWKINS AND HUSBAND,
JESSE C. HAWKINS; JAMES H. DINKINS; MARY ELEANOR
SPICER AND HUSBAND, HARLEE SPICER; ALICE LEOLA HANK-
INS AND HUSBAND, WADE HANKINS; VICTOR DINKINS (SINGLE);
LORETTA DINKINS (SINGLE); ELECTA FREEMAN (WIDOW);
RONALD FREEMAN AND WIFE, —————; KATHERINE ONEDA
FREEMAN AND HUSBAND, —————; MARY ALWIDA FREE-
MAN FORD AND HUSBAND, WALTER LEE FORD; ARCHIE FREE-
MAN (SINGLE); AVIE FREEMAN WILSON AND HUSBAND, DOGAN
H. WILSON; MILDRED FREEMAN (SINGLE); BERTHA MAE
COLE AND HUSBAND, ROBERT L. COLE; LONICE FREEMAN (WID-
OW OF WILLIAM GASTON FREEMAN); F. E. LIVINGSTON, TRUSTEE
AND JOHN BRIGHT HILL, AND ALL OTHER PERSONS, FIRMS, CORPORA-
TIONS WHO HAVE OR CLAIM ANY INTEREST IN LAND DESCRIBED HEREIN

No. 705SC420

(Filed 5 August 1970)

1. **Attorney and Client § 2— out-of-state attorney — procedure for admission to practice**

New York attorney who had appeared for appellants throughout
the trial was denied permission to argue the case in the Court of
Appeals, where it appeared that the attorney had not complied with the
statutory procedure for obtaining permission to appear in particular
litigation in this State.   G.S. 84-4.1.

2. **Appeal and Error § 39— docketing of appeal — responsibility of appellant**

The responsibility of docketing the record on appeal in the form
provided for by the Rules of the Court of Appeals is that of the
appealing party, and the appeal is subject to dismissal *ex mero motu*
for failure to comply with the Rules. Rule No. 48.

3. **Rules of Civil Procedure § 53; Reference § 11— compulsory reference — right to jury trial**

A compulsory reference does not deprive a party of the right to
trial by jury.   G.S. 1A-1, Rule 53.

APPEAL by defendants from *Cowper, J.*, February 1970
Session of NEW HANOVER Superior Court.

This action to determine title and location of certain beach
and marshland property in New Hanover County was instituted

---

Development Co., Inc. v. Phillips

---

in May of 1962. A reference was ordered on 18 September 1968. Upon application of defendants, *certiorari* was allowed by this court and the order of reference was affirmed. See *Development Co. v. Phillips*, 3 N.C. App. 295, 164 S.E. 2d 516.

The parties preserved their right to a jury trial by timely exceptions to the reference and to the referee's report and decision. The cause came on for hearing before Judge Albert W. Cowper and a jury, and at the conclusion of all the evidence, Judge Cowper allowed plaintiff's motion for a directed verdict on all issues. Defendants appealed.

*Carr and Swails by James B. Swails for plaintiff appellee.*

*Pearson, Malone, Johnson & DeJarmon for defendant appellants.*

GRAHAM, J.

Evelyn A. Williams, a resident of the State of New York, appeared as an attorney for defendants throughout the lengthy trial proceedings and apparently prepared and filed the record and defendants' brief on this appeal. Miss Williams is not a member of the Bar of North Carolina admitted and licensed to practice as an attorney in the courts of this State. G.S. 84-4. She represents that she is admitted to practice in the State of New York, but she has not applied for nor has she been granted permission to appear as an attorney in this case. In *Manning v. R.R.*, 122 N.C. 824, 28 S.E. 963, we find the following at p. 828:

> "In the present instance, the summons was sent to the general counsel of the defendant, resident in Norfolk, Va., who had no authority to practice in this State, not having obtained license so to do in the manner required by The Code, sec. 17, and, in fact, being debarred as a citizen of another State from so doing by section 19, which requires all attorneys to take an oath of allegiance to this State. That said nonresident had appeared in some causes in this State does not militate against this, since the appearance of such counsel is a matter of courtesy in each and every case, *and on motion in each case,* and only for the occasion on which it is allowed." (Emphasis added).

[1] After it came to our attention that Miss Williams was not properly appearing as an attorney, she was not permitted to participate in oral arguments. Associate counsel, being members

in good standing of the Bar of this State, argued the appeal for defendants.

Since 1967 the procedure whereby an out-of-state attorney may obtain permission to appear in particular litigation in this State has been set forth by statute. G.S. 84-4.1. This statute provides:

"Any attorney regularly admitted to practice in the courts of record of another state and in good standing therein, having been retained as attorney for any party to a legal proceeding, civil or criminal, pending in the General Court of Justice of North Carolina, may, on motion, be admitted to practice in the General Court of Justice for the sole purpose of appearing for his client in said litigation, but only upon compliance with the following conditions precedent:

(1) He shall set forth in his motion his full name, post-office address and status as a practicing attorney in such other state.

(2) He shall attach to his motion a statement, signed by his client, in which the client sets forth his post-office address and declares that he has retained the attorney to represent him in such proceeding.

(3) He shall attach to his motion a statement that unless permitted to withdraw sooner by order of the court, he will continue to represent his client in such proceeding until the final determination thereof, and that with reference to all matters incident to such proceeding, he agrees that he shall be subject to the orders and amenable to the disciplinary actions and the civil jurisdiction of the General Court of Justice in all respects as if he were a regularly admitted and licensed member of the Bar of North Carolina in good standing.

(4) He shall attach to his motion a statement to the effect that the state in which he is regularly admitted to practice grants like privileges to members of the Bar of North Carolina in good standing.

(5) He shall attach to his motion a statement to the effect that he has associated and has personally appearing with him in such proceeding an attorney who is a resident of this State and is duly and legally admitted to

practice in the General Court of Justice of North Carolina, upon whom service may be had in all matters connected with such legal proceedings, with the same effect as if personally made on such foreign attorney within this State.

(6) Compliance with the foregoing requirements shall not deprive the court of the discretionary power to allow or reject the application."

Perhaps this case demonstrates the wisdom of restrictions with respect to appearances by out-of-state attorneys in this State's courts, for the record and defendants' brief illustrate an obvious unfamiliarity with the customs of the profession and the rules of this court. In the proceedings before the referee and the trial court numerous exhibits were introduced. These included deeds, grants, maps, surveys, and photographs essential to the determination of the issues of the case and the merits of defendants' appeal. None of the exhibits had been filed with this court when the case was called for argument. Rule 19(j) provides: "Three copies of every map, photograph, diagram, or other exhibit, which is a part of the record on appeal, and which is applicable to the merits of the appeal, shall be filed with the clerk of this Court *before such appeal is called for argument*: Provided, however, the Court of Appeals may authorize a lesser number to be filed." (Emphasis added). Defendants' exceptions are grouped at the front of the record and again at the back of the record, but they are not clearly set out and numbered at the places in the record where it is contended they apply. The record comprises 280 pages, and it contains various unnecessary and irrelevant matter. The proceedings are not set forth in the order of the time in which they occurred as provided in Rule 19(a).

[2] The responsibility of docketing the record on appeal in the form provided for by the rules of this court is that of the appealing party. For failure to comply with the rules this appeal is subject to be dismissed and is hereby dismissed *ex mero motu*. Rule 48, Rules of Practice in the Court of Appeals of North Carolina.

[3] We have nevertheless reviewed, insofar as the state of the record permitted, arguments set forth in defendants' brief. Defendants argue in their first three designated arguments that the compulsory reference statute, G.S. 1A-1, Rule 53 (erroneously cited throughout defendants' brief as Rule 50) is

unconstitutional because it deprives the parties of a jury trial. Rule 53 was formerly G.S. 1-189. This same argument was made by these defendants when this case was previously before this court. At that time Mallard, C.J., speaking for the court, stated:

"A compulsory reference does not deprive one of the right to trial by jury. The contention of the appellants that the compulsory reference has denied them the right to a trial by jury is without merit and requires no discussion." *Development Co. v. Phillips, supra,* at p. 299.

The question of whether the court erred in directing a verdict for plaintiff pursuant to G.S. 1A-1, Rule 50 is not properly presented. We further note that no contention is made in defendants' brief that plaintiff failed to prove title to the property or where it was located, nor is it contended in the brief that defendants presented any evidence to show that they have any interest whatsoever in the subject property.

Defendants' remaining arguments attack various discretionary orders entered by the court during these lengthy proceedings. No abuse of discretion has been made to appear.

Appeal dismissed.

BROCK and MORRIS, JJ., concur.