DIANNE HOLLEY, INDIVIDUALLY AND AS GUARDIAN OF THE ESTATE OF ERVIN LEE HOLLEY, INCOMPETENT v. BURROUGHS WELLCOME CO., A NORTH CAROLINA CORPORATION, AND AYERST LABORATORIES, A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION

No. 8114SC694

(Filed 16 March 1982)

1. **Attorneys at Law § 2— foreign attorney—admission to practice for limited purpose—statement by client**

    In order for an out-of-state attorney to be admitted to limited practice in the courts of this State, the client's statement required by G.S. 84-4.1(2) must be attached to the attorney's motion, and this requirement cannot be met by substituting the statement of North Carolina counsel.

2. **Attorneys at Law § 2— foreign attorney—admission to practice for limited purpose—status as "practicing attorney"**

    A declaration by an out-of-state attorney that he is a member in good standing of the Bar of another state and is duly licensed and admitted to practice in that state is sufficient to meet the requirement of G.S. 84-4.1(1) that he set forth his status as a "practicing attorney" in the other state.

3. **Attorneys at Law § 2— foreign attorney—motion for admission to practice for limited purpose—failure to meet statutory requirements—no exercise of court's discretion**

    Where the trial court found that the affidavit of an out-of-state attorney did not meet the requirements of G.S. 84-4.1 for admission to practice for a

limited purpose, the court erred in denying the attorney's application in the exercise of its discretion but should have ruled as a matter of law, in which case plaintiff could have requested leave to amend and correct the deficiencies found by the trial court.

APPEAL by plaintiff from *Bailey, Judge.* Order entered 14 April 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 March 1982.

Plaintiff brought an action for loss of consortium of her husband, Ervin Lee Holley, for personal injuries to her husband, and for exemplary damages. In her complaint, plaintiff alleged, in summary, the following events and circumstances. Defendant Burroughs Wellcome Co. manufactures and sells Anectine™, a depolarizing neuromuscular blocking agent, intended for and used as a muscle relaxant to facilitate endotracheal intubation of patients under general anesthesia. Defendant Ayerst Laboratories manufactures and sells Fluothane™, an inhalation anesthetic agent used to induce a state of general anesthesia in humans. While plaintiff's husband, Ervin Holley, was undergoing knee surgery at Duke University Medical Center on 5 April 1976, he was administered both Anectine™ and Fluothane™. During the operation, Holley suffered cardiac arrest and resultant severe and permanent brain damage. Holley's injuries were caused by the negligent failure of defendants to warn health care providers of the known dangerous characteristics and tendencies of their respective products when used alone or in conjunction with each other. Plaintiff's complaint is lengthy, detailed, and characterized by use of technical words and phrases from the fields of medicine and pharmacology. It was signed by counsel as follows:

McCain & Moore

By: Grover C. McCain, Jr.
    William H. Moore, Jr.
    Counsel for Plaintiff

    James M. Ludlow
    Counsel for Plaintiff

Plaintiff served interrogatories and requests for admissions contemporaneously with her complaint. These documents bear the same counsel's signatures as did the complaint. On 1 April 1981, defendant Burroughs Wellcome Co. filed a motion to bar Moore

from further appearing in the cause, alleging that Moore was not licensed to practice law in North Carolina, that he had not petitioned the Court for admission to practice under Chapter 84 of the General Statutes, and that he was engaged in the practice of law in North Carolina in plaintiff's action. Plaintiff's response to Burroughs Wellcome Co.'s motion, signed by attorneys McCain and Ludlow, alleged plaintiff's desire for Moore to assist her North Carolina counsel in her action, prayed that the trial court deny Burroughs Wellcome Co.'s motion, and requested that the trial court entertain Moore's motion to be permitted to appear *pro hac vice* in association with her North Carolina counsel. In support of her response, plaintiff filed affidavits of James M. Ludlow, Gary S. Smithwick, Clark Fischer, Leslie G. Frye, Michael J. Lewis, Thomas J. Keith, Harrell Powell, Jr., and George Rountree, III, all licensed and practicing lawyers in North Carolina. All attested to Moore's standing as a member of the Georgia bar, his expertise as a practicing lawyer, and his good character.

Defendant Burroughs Wellcome Co.'s motion came on for hearing before Judge Bailey on 13 April 1981. At that time, Moore moved the trial court to be admitted *pro hac vice* in plaintiff's action. Moore's motion was supported by his own affidavit and by a statement to the Court by Ludlow, all of which are set out in full as follows:

MOTION OF WILLIAM H. MOORE, JR., OF THE GEORGIA BAR TO BE ADMITTED *PRO HAC VICE* TO APPEAR IN ASSOCIATION WITH RETAINED NORTH CAROLINA COUNSEL

Come now the movant, William H. Moore, Jr., a member of the State Bar of Georgia, and respectfully moves this Honorable Court to be admitted *pro hac vice* to appear, in association with retained counsel, for the plaintiff in the captioned cause. Movant shows that he has been retained by James M. Ludlow, retained counsel for the plaintiff to associate and assist Mr. Ludlow in the handling of the captioned cause.

Movant attaches to his motion that affidavit required by NCGS 84-4. (Illegible)

WHEREFORE, movant respectfully moves that he be admitted *pro hac vice* to assist retained counsel in the captioned cause.

                                    s/WILLIAM H. MOORE, JR.
                                    Movant

AFFIDAVIT OF WILLIAM H. MOORE, JR.

Personally appeared before the undersigned notary public, William H. Moore, Jr., who upon being put upon his oath deposeth and sayeth:

My name is William H. Moore, Jr. I am a resident of Savannah, Georgia, residing at 910 Victory Drive, Savannah, Georgia, and I am a member in good standing of the State Bar of Georgia duly licensed and admitted to practice law by the State of Georgia.

If I am permitted to appear *pro hac vice* in the captioned cause, unless permitted to withdraw sooner by this Honorable Court, I will continue to represent the plaintiff in that cause until its final determination with reference to all matters incident to that cause. I will be subject to the orders of, and amenable to, the disciplinary actions and civil jurisdictions of the General Court of Justice in all respects as if I were a regularly admitted and licensed member of the Bar of North Carolina in good standing.

The State of Georgia grants the privilege of *pro hac vice* admissions to members of the Bar of North Carolina in good standing.

I have been associated by, and will be personally appearing with, two attorneys who are residents of the State of North Carolina who are duly and legally admitted to practice in the General Court of Justice of North Carolina upon whom service may be had in all matters connected with the captioned cause with the same effect as if personally made on me within the State.

Attached to this affidavit is the statement of James M. Ludlow, retained counsel in the captioned cause, associating

me to assist him in the handling of this cause and setting forth his client's consent to the association.

s/WILLIAM H. MOORE, JR.

(Sworn to this 14th day of April, 1981.)

STATEMENT OF JAMES M. LUDLOW

My name is James M. Ludlow. I am an attorney at law, duly licensed and admitted to practice in the General Court of Justice of the State of North Carolina. I maintain my law office at 2514 University Drive, Durham, North Carolina.

I have been retained by the plaintiff in the captioned case to represent her and her husband, adjudicated an incompetent, in the captioned cause, and at the request and with the expressed consent of the plaintiff I have retained William H. Moore, Jr. of the Savannah, Georgia Bar to associate with and assist me in the handling of the captioned cause as my associate counsel.

Mr. Moore is to be compensated for his services by a portion of my contingent fee at no additional expense to my client.

I join in Mr. Moore's motion that he be admitted *pro hac vice* to appear with and assist me in representing the plaintiff.

s/JAMES M. LUDLOW
Counsel for Plaintiff

The dispositive portions of Judge Bailey's order are as follows:

8. William H. Moore, Jr., in signing the complaint, interrogatories, request for admissions and brief and filing the same in this action engaged in the practice of law in this State and made a general appearance on behalf of the plaintiff showing his address as McCain & Moore, 702 West Cobb Street, Durham, North Carolina.

9. On the date this matter was calendared for hearing, April 13, 1981, William H. Moore, Jr., filed a motion herein

entitled Motion of William H. Moore, Jr. of the Georgia Bar to be Admitted Pro Hac Vice to Appear in Association With Retained North Carolina Counsel. Said motion contains an affidavit as required by N.C.G.S. 84-4.1 for limited admission of out-of-state attorneys. However, the said affidavit does not indicate that William H. Moore, Jr. is a "practicing attorney" in Georgia (N.C.G.S. 84-4.1(1)); but indicates he is licensed and admitted to practice in Georgia; the motion does not contain a statement signed by his client as required by N.C.G.S. 84-4.1(2) but contains a "Response" by Grover C. McCain, Jr. and James Ludlow, counsel for plaintiff in support of said motion and other affidavits.

. . .

11. William H. Moore, Jr. is not licensed to practice law in the State of North Carolina and he has engaged in unauthorized practice of law herein.

12. William H. Moore, Jr. failed to file a motion herein to be admitted to practice pursuant to N.C.G.S. 84-4.1 until more than three months following the filing of this action and other documents signed by him, and did so only after motion had been filed challenging his appearance in this matter.

13. The motion filed by William H. Moore, Jr. fails to meet the requirements of G.S. 84-4.1 as indicated in paragraph 9 of this Order.

WHEREFORE, IT IS HEREBY ORDERED, in the discretion of the undersigned, that the application of William H. Moore, Jr. to be admitted to practice in the General Court of Justice for the sole purpose of appearing on behalf of the plaintiff, is DENIED. William H. Moore, Jr. shall not, in any manner, further engage in the practice of law in this action.

Plaintiff has appealed from Judge Bailey's order.

*Sanford, Adams, McCullough & Beard, by Robert W. Spear-man, for plaintiff-appellant.*

*Teague, Campbell, Conely & Dennis, by Richard B. Conely, for defendant-appellee.*

*Narron, O'Hale and Woodruff, P.A., by Gordon C. Woodruff, on Behalf of the North Carolina Academy of Trial Lawyers, Amicus Curiae.*

WELLS, Judge.

The statutory provisions under which lawyers not licensed in North Carolina may be admitted to practice *pro hac vice* in North Carolina are found in G.S. 84-4.1, as follows:

§ 84-4.1. Limited practice of out-of-state attorneys.

> Any attorney regularly admitted to practice in the courts of record of another state and in good standing therein, having been retained as attorney for any party to a legal proceeding, civil or criminal, pending in the General Court of Justice of North Carolina, or the North Carolina Utilities Commission or the North Carolina Industrial Commission may, on motion, be admitted to practice in the General Court of Justice or North Carolina Utilities Commission or the North Carolina Industrial Commission for the sole purpose of appearing for his client in said litigation, but only upon compliance with the following conditions precedent:

> (1) He shall set forth in his motion his full name, post-office address and status as a practicing attorney in such other state.

> (2) He shall attach to his motion a statement, signed by his client, in which the client sets forth his post-office address and declares that he has retained the attorney to represent him in such proceeding.

> (3) He shall attach to his motion a statement that unless permitted to withdraw sooner by order of the court, he will continue to represent his client in such proceeding until the final determination thereof, and that with reference to all matters incident to such proceeding, he agrees that he shall be subject to the orders and amenable to the

disciplinary action and the civil jurisdiction of the General Court of Justice and the North Carolina State Bar in all respects as if he were a regularly admitted and licensed member of the Bar of North Carolina in good standing.

(4) He shall attach to his motion a statement to the effect that the state in which he is regularly admitted to practice grants like privileges to members of the Bar of North Carolina in good standing.

(5) He shall attach to his motion a statement to the effect that he has associated and has personally appearing with him in such proceeding an attorney who is a resident of this State and is duly and legally admitted to practice in the General Court of Justice of North Carolina, upon whom service may be had in all matters connected with such legal proceedings, or any disciplinary matter, with the same effect as if personally made on such foreign attorney within this State.

(6) Compliance with the foregoing requirements shall not deprive the court of the discretionary power to allow or reject the application.

[1] Judge Bailey found Moore's affidavit to be non-conforming in two respects. We agree that Moore's affidavit is not accompanied by the statement from his client, plaintiff in this action, as required under Subsection (2) of the statute. Such a statement is clearly required, and this requirement cannot be met by substituting the statement of North Carolina counsel. The statement must be signed by the client.

[2] We do not agree that Moore's affidavit failed to meet the requirements of subsection (1) of the statute. We hold that a declaration by an applicant that he is a member in good standing of the Bar of another state and is duly licensed and admitted to practice in that state is sufficient to meet the requirements of subsection (1).

[3] Judge Bailey's order is tainted by a more fundamental error. He found that Moore's affidavit did not meet the requirements of the statute, yet he denied Moore's application in the exercise of his discretion. In *In Re Smith*, 301 N.C. 621 at 631, 632, 272 S.E. 2d 834 at 841 (1980), our Supreme Court made it abundantly clear

that unless and until a G.S. 84-4.1 application meets the requirements of the statute, the court's discretionary power is not invoked:

> The discretionary power of the court expressed in G.S. 84-4.1(6) arises *"only* upon compliance with the . . . conditions precedent" contained in G.S. 84-4.1(1-5). Those conditions must first be met. Then and only then does the Court have "discretionary power to allow or reject the application."
>
> . . .
>
> Unless and until subsections (1) through (5) are complied with, the court has no discretion whatever.

Plaintiff has a fundamental right to select counsel who will represent her; *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490 (1968), and plaintiff should be allowed every reasonable opportunity to exercise that right.

Had Judge Bailey ruled as a matter of law that Moore's application failed to meet the requirements of the statute, plaintiff could have requested leave to amend and correct the deficiencies found by Judge Bailey. Judge Bailey having erroneously exercised his discretion in the matter, we are persuaded that the interests of justice require that his order be vacated and matter remanded for further proceedings consistent with this opinion.

Vacated and remanded.

Judges HILL and BECTON concur.