NORTH CAROLINA NATIONAL BANK v. VIRGINIA CAROLINA BUILDERS, INC.

No. 8117SC825

(Filed 15 June 1982)

1. Attorneys at Law § 2— out-of-state attorney—conditions to practice pro hac vice

Until an out-of-state attorney meets the conditions of G.S. 84-4.1, a court has no discretion to admit out-of-state counsel to practice before it.

2. Attorneys at Law § 2; Judgments § 25.2— default judgment—attributable to defendant's neglect in hiring out-of-state attorney

By hiring a Virginia attorney to defend it in a North Carolina action, defendant did not exercise the degree of care expected of a man of ordinary prudence in dealing with his important business, and defendant's default in the action must therefore be attributed to its own inexcusable negligence.

Chief Judge MORRIS dissenting.

APPEAL by plaintiff from *Long, Judge.* Order entered 21 April 1981 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals on 31 March 1982.

The order appealed from allowed defendant's motion to set aside a default judgment entered against it by the clerk of superior court on 3 February 1981. The action was commenced on 3 July 1979 when plaintiff filed a complaint seeking to recover over $32,000 allegedly due it on a promissory note executed by defendant, a Virginia corporation. Attorney John Epperly filed answer on defendant's behalf on 25 July 1979 alleging that a much smaller amount was due on the note. Plaintiff filed a reply denying this allegation on 27 July 1979.

Approximately three months later, on 19 October 1979, plaintiff filed a motion for entry of default against defendant on the ground that no proper answer had been filed, defendant's purported answer having been filed by an out-of-state attorney who had failed to comply with the provisions of G.S. § 84-4.1 for limited practice by an out-of-state attorney. The attached certificate of service indicates that a copy of the motion was served on counsel for defendant.

On 8 November 1979 North Carolina attorney Victor Bryant filed a notice of appearance stating that he would be representing defendant in the matter along with attorney Epperly of the Virginia bar.

On 2 February 1981 entry of default was filed by the clerk, and on 3 February 1981 a default judgment was entered by the clerk in the amount of $32,650.81.

On 16 and 17 February 1981 attorneys Bryant and Epperly each filed a motion to set aside the default judgment, alleging that they had received no notice of the hearing on plaintiff's motion for entry of default and that their first knowledge of the default judgment came when a copy of it was delivered to them by defendant on 11 February 1981. In a supplement to his motion attorney Bryant reasserted that defendant has a meritorious defense and attached a statement of account showing defendant's indebtedness to plaintiff to be only $3,340.76.

On 16 March 1981 attorney Epperly filed a motion, with supporting affidavits, pursuant to G.S. § 84-4.1 to be admitted to practice in North Carolina for the limited purpose of representing defendant in this action.

On 21 April 1981 Judge Long entered two orders. One, dated 20 March 1981, allowed Epperly's limited practice motion. It was stated to be prospective only, without prejudice to any rights of plaintiff which might have arisen prior thereto. The other order, dated 6 April 1981, set aside the default judgment previously entered in plaintiff's favor and ordered that the answer theretofore filed on defendant's behalf by attorney Epperly be declared a proper portion of the record. In the order setting aside the default judgment, Judge Long took judicial notice of a long-standing practice and custom among attorneys of Virginia practicing close to the North Carolina state line to appear in the courts of North Carolina without fully complying with the provisions of G.S. § 84-4.1. He then found and concluded that although counsel for defendant may have been negligent in not meeting the requirements of G.S. § 84-4.1 prior to entry of the default judgment, such neglect should not be imputed to defendant who exercised proper care throughout by delivering the suit papers to its attorney for defense of the action. He also found that defendant had asserted a meritorious defense. Plaintiff appeals from this order.

*Harrington, Stultz & Maddrey, by Thomas S. Harrington, for plaintiff appellant.*

*Broaddus, Epperly, Broaddus & Warren, by John D. Epperly; and Bryant, Drew, Crill & Patterson, by Victor S. Bryant, Jr., for defendant appellee.*

HEDRICK, Judge.

Judge Long's order setting aside the default judgment must be reversed. We are advertent to the fact that orders setting aside default judgments are interlocutory and ordinarily not appealable. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980). Nevertheless, because the present order contains serious error regarding a matter of great importance we, in our discretion, choose to review it.

[1] We first note our disapproval of the taking of judicial notice by Judge Long of a custom and practice which violates the law of

this State. The legislature has fixed the conditions under which an out-of-state attorney may be admitted to practice *pro hac vice* in this State in G.S. § 84-4.1. The purpose of this statute is to afford the courts a means to control out-of-state counsel and to assure compliance with the duties and responsibilities of attorneys practicing in this State. *E.g., State v. Nickerson,* 13 N.C. App. 125, 185 S.E. 2d 326 (1971), *cert. denied,* 280 N.C. 304, 186 S.E. 2d 179, *cert. denied,* 408 U.S. 925, 33 L.Ed. 2d 336, 92 S.Ct. 2503 (1972). The conditions in the statute are mandatory. Until they have been met, a court has no discretion to admit out-of-state counsel to practice before it. *In re Smith,* 301 N.C. 621, 272 S.E. 2d 834 (1981). We have consistently refused to allow noncomplying out-of-state attorneys to appear in this Court. *E.g., Resort Development Co. v. Phillips,* 9 N.C. App. 158, 175 S.E. 2d 782 (1970), *aff'd in part, rev'd in part on other grounds,* 278 N.C. 69, 178 S.E. 2d 813 (1971); *State v. Daughtry,* 8 N.C. App. 318, 174 S.E. 2d 76 (1970). Likewise, a party cannot nullify the statute merely by responding to actions of a noncomplying out-of-state attorney in the courts of this State, such as, in this case, replying to a purported answer filed by that attorney. The fact that a custom may have grown up among Virginia attorneys practicing near the North Carolina state line to ignore the requirements of G.S. § 84-4.1 is irrelevant to this case. Such custom in no way abrogates or excuses out-of-state counsel from complying with the statute. *Compare Brown v. Hale,* 93 N.C. 188 (1885).

[2]  Although Judge Long committed error in judicially noting said irrelevant and unlawful practice, he correctly concluded that counsel for defendant had been negligent in failing to comply with G.S. § 84-4.1. Not only did attorney Epperly fail to comply with G.S. § 84-4.1 initially, he took no action to rectify the matter for seventeen months after plaintiff filed its motion for entry of default. Such neglect was inexcusable. Judge Long further concluded, however, that this neglect should not be imputed to defendant because defendant had exercised proper care. With this conclusion we do not agree.

"[O]rdinarily a client is not charged with the inexcusable neglect of his attorney, provided the client himself has exercised proper care. . . . The standard of care required of the litigant is that which a man of ordinary prudence usually bestows on his important business." *Moore v. Deal,* 239 N.C. 224, 227, 79 S.E. 2d

507, 510 (1954). To exercise proper care a party must not only pay proper attention to the case himself, he must employ counsel who is licensed or entitled to practice in the court where the case is pending. *Moore v. Deal, supra; Kerr v. North Carolina Joint Stock Land Bank,* 205 N.C. 410, 171 S.E. 367 (1933); *Manning v. Roanoke & Tar River Railroad Co.,* 122 N.C. 824, 28 S.E. 963 (1898); *Norton v. Sawyer,* 30 N.C. App. 420, 227 S.E. 2d 148, *cert. denied,* 291 N.C. 176, 229 S.E. 2d 689 (1976). The attorney hired by defendant to defend it in this North Carolina action was not licensed to practice in the courts of North Carolina and, as we have previously discussed, was not entitled to practice there by reason of a custom and practice which violates the laws of this State. By hiring a Virginia attorney to defend it in a North Carolina action, defendant did not exercise the degree of care expected of a man of ordinary prudence in dealing with his important business. Defendant's default in this action must therefore be attributed to its own inexcusable negligence. *See Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283 (1934).

"It is only when there is excusable negligence (and not when there is inexcusable negligence) that the judge can in his discretion set the judgment aside . . . . " *Manning v. Roanoke & Tar River Railroad Co., supra* at 831, 28 S.E. at 965. The order setting aside the default judgment is

Reversed and remanded for reinstatement of the judgment.

Judge ARNOLD concurs.

Chief Judge MORRIS dissents.

Chief Judge MORRIS dissenting.

Plaintiff's appeal should be dismissed. An order setting aside a default judgment is interlocutory and not immediately appealable unless it affects a substantial right of the appellant and will work injury to him if not corrected before an appeal from final judgment. *Bailey v. Gooding,* 301 N.C. 205, 270 S.E. 2d 431 (1980). The purpose of this rule is "to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Id.* at 209, 270

S.E. 2d at 434. In this case dismissal will merely delay plaintiff's appeal until after final judgment. Although plaintiff would have to undergo a trial on the merits, avoidance of trial is not a "substantial right" requiring immediate appeal. *Id.* Plaintiff has preserved its exception to the order setting aside the default judgment and can appeal and assign error thereto should a trial on the merits result in a judgment for defendant. Should a trial on the merits result in a judgment for plaintiff and should defendant appeal therefrom, plaintiff may set out its exception to and cross assign as error the action of the trial court in setting aside the default judgment. Rule 10(d), North Carolina Rules of Appellate Procedure.

I perceive no reason to exercise our discretionary authority to review the matter by treating this purported appeal as a petition for writ of certiorari and allowing the writ. Another panel has already denied a petition for a writ of certiorari previously filed here by plaintiff. In my view, plaintiff's premature appeal clearly should be dismissed.

I also disagree with the majority's decision on the merits. The law is well established in this State that default may not be entered by the clerk after answer has been filed. G.S. 1A-1, Rule 55; *Bailey v. Davis*, 231 N.C. 86, 55 S.E. 2d 919 (1949). An answer "is deemed to be filed when it is delivered for that purpose to the proper officer and received by him." *Peebles v. Moore*, 302 N.C. 351, 355, 275 S.E. 2d 833, 835 (1981). This rule holds true even when the answer is delivered late or is deficient in some respect. *See Peebles v. Moore, supra; Rich v. Norfolk Southern Railway*, 244 N.C. 175, 92 S.E. 2d 768 (1956); *White v. Southard*, 236 N.C. 367, 72 S.E. 2d 756 (1952); *Steed v. Cranford*, 7 N.C. App. 378, 172 S.E. 2d 209 (1970). In such instances, plaintiff's remedy is by motion to strike the answer and then move for entry of default and default judgment. *Bailey v. Davis, supra.* Until an answer is so challenged, however, it remains filed of record once it has been delivered to and accepted by the proper court officer. Clearly, defendant did not fail to plead in the present case, though its answer may have been defective because prepared and signed by an out-of-state attorney who had failed to qualify to appear in the action. However, plaintiff never challenged the answer by motion to strike. Indeed, it even filed a reply. Upon plaintiff's subsequent motion for judgment by default, the clerk was not at liberty to ig-

nore defendant's answer which remained filed of record. Because the clerk was without authority to enter a default judgment while the answer was on file, that judgment was properly set aside by Judge Long.

Because defendant did not fail to plead in this action, the issue of excusable neglect need not be reached, and Judge Long's findings thereon are superfluous. Nevertheless, I must express my disagreement with the majority's decision on this issue under the facts of this case. I perceive no excusable neglect on the part of defendant, a Virginia Corporation, in hiring a Virginia attorney to represent it in an action filed in the courts of North Carolina where, by virtue of a long standing practice and custom, that attorney had apparent authority to practice in the North Carolina courts. Judge Long did not commit error in taking judicial note of such custom because, although it did not excuse defendant's attorney from complying with G.S. 84-4.1, it was relevant to the question of the degree of care exercised by defendant in defending the action. Furthermore, in hiring Virginia counsel, defendant was merely exercising its fundamental right to select counsel of its own choosing to represent it in this action. *Holley v. Burroughs Wellcome Co.*, 56 N.C. App. 337, 289 S.E. 2d 393 (1982). In *Holley* an order barring an out-of-state attorney from appearing on the plaintiff's behalf because of his failure to comply with all of the requirements of G.S. 84-4.1 was vacated and remanded because the trial judge had erroneously exercised his discretion in the matter, effectively preventing the plaintiff from seeking leave to amend the deficiencies in her attorney's application. Likewise, this defendant should not be penalized for hiring out-of-state counsel where that counsel had the apparent ability to appear in the action, where the laws of this State provide a means by which such counsel may appear in our courts and where defendant's counsel did comply with those legal requirements, although somewhat belatedly.

I vote to dismiss this appeal.