CAROLINA INVESTMENT CO. v. HIRAM KELLY, J. W. POTTER and JOHN ALLISON.

(Decided December 6, 1898.)

*Appeal—Practice—The Code, Sections 385, 386.*

1. Where no answer is filed, an appeal lies from a refusal of judgment by default and enquiry, unless the Judge, in his discretion, gives time to answer.

2. But where an answer is filed, the failure of defendant to appear in person or by counsel at the trial Term does not entitle the plaintiff to a judgment by default; that is only allowed when defendant has failed to answer. *The Code*, Sections 385, 386. The plaintiff must go to the jury with his proof upon the issues raised by the pleadings.

CIVIL ACTION for trespass, *quare clausum fregit*, tried before *Coble, J.*, at September Term, 1898, of Mc-DOWELL Superior Court.

The defendants filed an answer, denying the allegations of the complaint, but did not appear in person or by counsel at the trial term.

The plaintiff moved for judgment by default and enquiry. Motion refused. Plaintiff excepted and appealed.

*Mr. A. C. Avery*, for plaintiff (appellant).
No counsel *contra.*

CLARK, J.: The defendant filed his verified answer denying all the allegations of the complaint, save the formal one of the incorporation of the plaintiff. This devolved upon the plaintiff the burden of proving them. The allegation of ownership of the lands described in the complaint being denied, an order of survey was made. At the next term the defendant did not appear either in person or by counsel, and his former counsel stated he had retired from the cause a year before by leave of the court. The plaintiff's counsel then moved for judgment by default and enquiry. This was refused by the court on the ground that the answer was on file. From this refusal the plaintiff appealed.

The appeal lay from a refusal of judgment by default and enquiry. *Kruger* v. *Bank*, at this term and cases there cited. But we see no error in the refusal. Neither the withdrawal of counsel, nor the failure of the defendant to retain other counsel nor to be present in person could have the effect to strike out the answer. As long as it was on file a judgment by default could not be given, since that is only allowed when the defendant has "failed to answer." *Code*, Sections 385, 386. The statute is too explicit to admit of discussion as to its meaning. No reason is shown why the plaintiff did not go on with the trial and prove his allegations. The absence of defendant and his failure to provide counsel could not prejudice the plaintiff in any wise.

The record and also the case on appeal settled by the judge state "Plaintiff gives notice of appeal in open court, neither defendant nor counsel for defendant being present." Formerly *The Code*, Section 550, required

notice of appeal "to be given to the adverse party," but Chapter 161, Laws of 1889 amended this by adding, "unless the record shows an appeal taken, or prayed, at the trial which shall be sufficient." See Clark's Code, (2nd Ed.) Sec. 550 ; *Howell* v. *Jones*, 109 N. C., 102. The appeal therefore is properly here. It lacks not regularity but merit.

No error.