## J. G. CAHOON v. C. R. EVERTON.

(Filed 5 March, 1924.)

**1. Pleadings—Verification—Signature of Pleader.**

It is not vitally necessary that a party sign the verification to his pleadings, though the practice that he do so is commended. C. S., 529.

**2. Pleadings—Clerks of Court—Jurisdiction—Judgments—Default of Answer—Statutes.**

Where the plaintiff is entitled to a judgment by default before the clerk for failure of defendant to answer within the statutory time, he waives this right by waiting until after the clerk has permitted an answer to be filed and the matter has been transferred to the civil-issue docket for trial. Chapter 92, Public Laws 1921, Extra Session.

**3. Same—Amendments—Superior Courts—Trial Judge.**

Where the plaintiff has waived his right to a judgment by default before the clerk, and the cause has been transferred to the civil-issue docket for trial, the trial judge has the authority, under the provisions of C. S., 536, to allow the defendant to amend his answer.

**4. Same—Issues Joined.**

The judge is without authority to compel a party to an action to proceed with the trial of a cause transferred to the civil-issue docket when the issue has been joined within ten days from the commencement of the term. C. S., 557, amended by chapter 124, Public Laws 1923.

**5. Pleadings—Actions—Debt—Sufficiency of Answer—Issues—Statutes.**

Where the complaint alleges an action of debt, an answer denying the debt *is held* sufficient, under section 535, C. S. *Chesson v. Lynch*, 186 N. C., 625, applied to the facts of this case.

APPEAL by defendant from *Allen, J.,* and a jury, at August Term, 1923, of TYRRELL.

This was a civil action, brought by plaintiff against defendant.

The first section of the complaint alleges "That the defendant, C. R. Everton, is justly indebted to the plaintiff, J. G. Cahoon, in the sum of $678.98 for merchandise sold and delivered to the defendant, as shown by itemized account, thereto attached and made a part of this original complaint, and marked 'Exhibit A.' "

The second section alleges "That there is no counterclaim or set-offs against the same; that all of the same is now due and unpaid; that the plaintiff had demanded the same of the defendant, and payment has been refused."

The defendant, answering the first section of the complaint, says: "That section 1 is hereby denied, and that he does not owe the plaintiff any such sum of money."

In answer to the second section he says: "That section 2 is denied; that there has been no demand and refusal to pay sum alleged."

The summons in the cause is dated 18 July, 1923, returnable 1 August, 1923. It and the complaint were served 27 July, 1923, on the defendant. The record shows that the complaint was "sworn and subscribed to before me, this 18 July, 1923." The oath was administered by the clerk, but the plaintiff did not subscribe his name to the oath.

The answer of the defendant was sworn to on 18 August, 1923, and was filed on 20 August, 1923. Superior Court of Tyrrell County for civil cases began on Tuesday, 27 August, 1923.

In the Superior Court the following order was made:

"It appearing to the court that the answer to sections 1 and 2 is too indefinite and uncertain, it is ordered that he make the same more definite and certain at this term of the court; and he is given until tomorrow morning at 9 o'clock to do so."

It appears from the record that the defendant's counsel claimed the defendant was sick and they were unable to comply with the order. It further appears:

"The court heard the evidence as to the condition of the defendant about 3 o'clock today, but had previously notified the defendant's counsel as early as Monday evening, when the calendar was examined, that the case would likely be tried, and requested that they notify their client.

"The court, meaning no reflection upon the counsel in the case, finds as a fact that the defendant came to Columbia Monday night, saw his counsel, and returned to his work, about fourteen miles away, and on Tuesday returned to his home, about twenty miles from here, claiming to be sick. The court, after carefully examining his witnesses as to his sickness, is not satisfied that he is too sick to attend court, and therefore further finds that the answer which he has disclosed to his counsel is also frivolous, and therefore stricken out, no physician's certificate being produced, and the physician who attended him two weeks ago being in court."

The defendant excepted to this order, and assigned error.

"The denial is based upon the fact that the defendant has been here this week and seen his attorneys, and has written an intelligent letter to his counsel, which letter is attached and marked 'Exhibit A.' The counsel are not sufficiently informed to make the pleading more definite, but say they believe that they can make the answer more definite. Motion by defendant for continuance, on the ground that the action has not been at issue for but seven days. Motion denied."

The defendant excepted and assigned error.

The cause was tried and a verdict rendered for plaintiff, and judgment signed for plaintiff in accordance with the verdict. Defendant's counsel did not participate in the trial before the jury. Defendant excepted and assigned error, and appealed to this Court.

*T. H. Woodley and Aydlett & Simpson for plaintiff.*
*Swain & Norris for defendant.*

CLARKSON, J. The defendant takes the position that the complaint was not verified according to law, as the plaintiff, when he swore to the complaint, did not subscribe his name to the oath. We do not think this necessary, under the statute, although the better practice is to have it subscribed. C. S., 529, is as follows:

"The verification must be in substance that the same is true, to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true; and must be by affidavit of the party, or, if there are several parties united in interest and pleading together, by one at least of such parties acquainted with the facts, if the party is in the county where the attorney resides, and is capable of making the affidavit." *Currie v. Mining Co.,* 157 N. C., 218.

We commend what *Merrimon, J.,* said, in *Alford v. McCormac,* 90 N. C., 153: "While the law is as we have expounded it, the general prac-

tice in this State has been to require the affiants to subscribe their names to the affidavits made by them. This is a wholesome practice, and we commend it. It ought to be observed by all officers who take affidavits for any purpose, not because it is essential, but because it serves to supply strong additional evidence that the affiant swore what is set down in writing, in case it should at any time be brought in question. The certificate of the officer taking it is official, but not conclusive, evidence of what appears to have been sworn. As we have said, it is sometimes required by statute that affidavits shall be subscribed by the parties making them. Of course, in such cases they would be incomplete and inoperative without the signature of the affiant subscribed by him."

The exceptions raise some interesting questions under our practice. It will be seen from the record that the summons is dated 18 July, 1923, returnable 1 August, 1923. It and the complaint were served on defendant 27 July, 1923.

Public Laws, Extra Session 1921, ch. 92, sec. 1, subsec. 3, is as follows: "The answer or demurrer shall be filed within twenty days after the return day, or after service of the complaint upon each of the defendants, or within twenty days after the final determination of a motion to remove as a matter of right. If the time is extended for filing complaint, then the defendant shall have twenty days after the final day fixed for such extension in which to file the answer or demurrer, or after service of the complaint upon each of the defendants (in which latter case the clerk shall not extend the time for filing answer beyond twenty days after such service): *Provided,* in cases where the complaint is not served, for good cause shown, the clerk may extend the time to a day certain."

The twenty days for defendant to answer expired before 20 August, 1923. The answer was filed on 20 August, 1923. The plaintiff did not move for judgment by default before the clerk, as he had a right to do. *Lerch v. McKinne,* 186 N. C., 244.

The case was transmitted to the Superior Court, at term, for trial on the issues. Subsection 13, Laws 1921, *supra,* is as follows:

"Pleadings shall be made up and issues joined before the clerk. After pleadings have been so made up and issues joined, the clerk shall forthwith transmit the original papers in the cause to the court at term for trial upon the issues, when the case shall be proceeded with according to the course and practice of the court, and on appeal with the same procedure as is now in force."

When the case reached the Superior Court, at term, it was treated as rightfully there and the answer filed in time. The court recognized the answer as properly filed in time, and made an order to make sections 1 and 2 of the answer more definite and certain.

In *McNair v. Yarboro*, 186 N. C., 113, it is said: "And we consider it well to state further that, while this chapter 92, section 3, provides that 'where a copy of the complaint has been served upon each of the defendants, the clerk shall not extend the time for filing answer beyond twenty days after such service.' This restriction applies to the clerk and does not and is not intended to impair the broad powers conferred on the judge in this respect by section 536 of Consolidated Statutes, to the effect that where the cause is properly before him 'he may, in his discretion and upon such terms as may be just, allow an answer or reply to be made or other act done after the time, or by an order to enlarge the time.' "

The plaintiff, having made no motion before the clerk for judgment by default, on account of the answer not being filed in time, and allowed the case to be transmitted for trial on the issues at term, waived his right; and the fact that the answer was not filed before the clerk in time will be considered waived, under the facts and circumstances of this case. The court below treated it as filed in time, and made the order as set out in the record.

The next question arises from the exception and assignment of error, as follows: "Motion by defendant for continuance, on the ground that the action has not been at issue for but seven days." The answer was filed on the 20th; that was seven days before the court convened.

C. S., 557, amended by chapter 124, Public Laws 1923, is as follows: "Every issue of fact joined on the ·pleadings, and inquiry of damages, or ordered to be tried by a jury, must be tried at the term of the court next ensuing the joinder of issue or order for inquiry, if the issue was joined or order made more than ten days before such term, but if not, they may be tried at the second term after the joinder or order."

We think, as a matter of right, the defendant was entitled, under the statute, to a continuance.

C. S., 535, is as follows: "In the construction of pleadings for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

Under our liberal practice, we think the answer was sufficient to raise an issue. *Chesson v. Lynch,* 186 N. C., 625.

For the reasons given, there must be a

New trial.