MRS. W. E. BAILEY AND MRS. FANNIE BAILEY HOLLAND, PARTNERS, TRADING AS W. E. BAILEY PLUMBING & HEATING COMPANY, v. RACHEL D. DAVIS.

(Filed 9 November, 1949.)

**1. Pleadings § 6—**

A pleading is "filed" when it is delivered for that purpose to the proper officer and received by him, and upon plaintiff's admission that answer had been filed, it will be presumed that copy thereof for the use of plaintiff had likewise been filed and mailed to him or his attorney of record, as required by statute. G.S. 1-125.

**2. Judgments § 9—**

Judgment by default may be entered only when defendant has not answered, and therefore when answer has been filed, even though after time for answering has expired, the clerk is without authority, so long as the answer remains filed of record, to enter judgment by default. G.S. 1-209; G.S. 1-214. Upon filing of answer and joinder of issues, the cause is, in effect, transmitted by operation of law to the Superior Court. G.S. 1-171.

**3. Judgments § 27a—**

A motion in the cause to set aside a default judgment on the ground that at the time it was rendered by the clerk a duly filed answer appeared of record, *is held* not a motion to set aside for surprise and excusable neglect, since G.S. 1-220 applies only when the judgment is rendered according to the course and practice of the court.

**4. Courts § 4c: Pleadings § 6—**

Upon appeal from the denial by the clerk of a motion to set aside a default judgment on the ground that at the time of its rendition a duly filed answer appeared of record, the Superior Court acquires jurisdiction of the entire cause, G.S. 1-276, and has the power to permit the answer to remain of record, even though it was filed after time for answering had expired. G.S. 1-152.

APPEAL by plaintiffs from *Edmundson, Special Judge,* at May Term, 1949, of LENOIR.

Civil action to recover on contract for an oil burning furnace, etc., installed in office building of defendant.

On 21 January, 1949, the Clerk of Superior Court of Lenoir County, upon motion of attorney for plaintiffs, entered judgment by default final against defendant upon these findings of fact: That summons issued in this action on 18 December, 1948, and plaintiffs filed duly verified complaint on same date; that the summons, together with a copy of the complaint so filed, was duly, regularly and personally served upon defendant on 18 December, 1948, by the Sheriff of Lenoir County, acting through his duly authorized deputy sheriff by delivering to her a copy of the summons and a copy of the said complaint; that defendant filed no answer within the time allowed by law, and made no appearance of any kind, either in person or by attorney, and no extension of time in which to plead was either requested by defendant or granted to her within the time provided by law in which to answer the plaintiffs' complaint; that more than thirty days have elapsed since the said service of summons and complaint, and the time for answering said complaint expired on 17 January, 1949; that the complaint sets forth a cause of action for breach of an express contract to pay a sum of money fixed by the terms of the contract or capable of being ascertained therefrom by computation—an itemized statement of the amount claimed by plaintiffs being attached to and forming a part of the complaint and served with the summons and complaint, etc.

Defendant moved, on 22 January, 1949, to set aside the foregoing judgment for that defendant duly filed answer as appears of record on 19 January, 1949, before judgment was rendered, and said answer has not been set aside and no motion made, or notice given of motion to be made before said clerk of Superior Court to set aside the answer, and defendant further moved that the answer filed on 19 January, 1949, be allowed as filed on said date on grounds set out in affidavit and written motion. The answer appears in the record and purports to deny the indebtedness alleged in the complaint, and to set up a counterclaim.

Plaintiffs filed answer to the motion and affidavit of defendant, in which among other things plaintiffs say: (1) "It is further admitted that the defendant's attorney prepared and filed a paper writing purporting to be an answer on the 19th day of January, 1949, . . ."; (2) "That on the 19th day of January, 1949, and without notice to plaintiffs' counsel . . . counsel for defendant filed a paper writing purporting to be an answer; that plaintiffs' counsel received a copy of the paper writing . . . on January 20, 1949, and in the same mail received a letter from the plaintiffs instructing him to move for judgment, whereupon the plaintiffs, through counsel, moved for judgment by default on January 21, 1949, which judgment was signed and entered by the clerk of the Superior Court of Lenoir County"; and thereupon plaintiffs pray (1) that the motion of defendant to set aside the judgment so entered be denied; (2)

that the paper writing filed by defendant on 19 January, 1949, purporting to be an answer to plaintiffs' complaint, be stricken and withdrawn from the court papers; and (3) that defendant's motion be dismissed at her cost.

The motion to set aside the judgment was disallowed, and defendant appealed to the Superior Court.

When the appeal came on for hearing in Superior Court the presiding judge, being of opinion that the ruling to be made upon defendant's motion is entirely within the sound discretion of the court, and that the plaintiffs' request to find the facts should be denied, and defendant's motion should be allowed, entered an order, in the discretion of the court, that the judgment by default final rendered by the clerk of Superior Court of Lenoir County on 21 January, 1949, in this cause be and the same is thereby vacated and set aside; and "that the paper writing filed by the defendant on 19 January, 1949, be and it is hereby allowed and filed as the defendant's answer, with leave to the plaintiffs to plead thereto as provided by law."

Plaintiffs appeal therefrom to Supreme Court, and assign error.

*Thos. J. White for plaintiffs, appellants.*
*Whitaker & Jeffress for defendant, appellee.*

WINBORNE, J.   Appellants contend that the judge below erred in not treating the motion of defendant as a motion to set aside the judgment by default for excusable neglect, pursuant to provisions of G.S. 1-220, and in not finding facts in accordance therewith.   It may be conceded that if the judgment in question had been taken according to the course and practice of the court, the judge, under this statute, should find the facts of excusable neglect and meritorious defense.   However, in the light of pertinent statutes in this State and pertinent decisions of this Court, the judgment here was entered without authority in that judgment by default may be entered only when defendant has not answered.   G.S. 1-211 and G.S. 1-214.   Hence the provisions of G.S. 1-220 are inapplicable.

The General Statutes of North Carolina, G.S. 1-125, provide that defendant must appear and answer or demur within thirty days after service of summons upon him; and that the clerk shall not extend the time for filing answer or demurrer more than once nor for a period of time exceeding twenty days, except by consent of the parties.

And it is provided in G.S. 1-211 that judgment by default final may be had on failure of defendant to answer, and in G.S. 1-214 that if no answer is filed the plaintiff shall be entitled to judgment by default final or default and inquiry as authorized by G.S. 1-211, etc.

This raises the question in the present case as to whether an answer had been filed in a legal sense at the time the clerk entered the judgment by default final. As to this, it is pertinent to note that G.S. 1-125 further provides that defendant, when he files answer, shall likewise file at least one copy thereof for the use of the plaintiff and his attorney; that the clerk shall not receive and file any answer until and unless such copy is filed therewith; and that the clerk shall forthwith mail the copy of answer filed to the plaintiff or his attorney of record. In the light of these provisions it may be fairly inferred from the fact, admitted by plaintiffs, that a copy of the answer was mailed to plaintiffs' counsel, that defendant filed with the clerk a copy of her answer, and that the clerk mailed it, thereby taking cognizance of the filing.

Moreover, the parties say that defendant filed what purports to be an answer,—though two days late. What then is the meaning of the word "filed"? It has a distinct significance. This Court, speaking of it in the case of *Power Co. v. Power Co.,* 175 N.C. 668, 96 S.E. 99, stated: "It has been held that 'a paper writing is deemed to be filed within the meaning of the law when it is delivered for that purpose to the proper officer and received by him, and it is not necessary to the filing of a paper that it shall be endorsed as having been so filed. The file mark of the officer is evidence of filing, but it is not the essential element of the act,' unless the statute makes it so." Authorities are cited, including in principle the cases of *Glanton v. Jacobs,* 117 N.C. 427, 23 S.E. 335, and *Smith v. Lumber Co.,* 144 N.C. 47, 56 S.E. 555.

Thus on the face of the record on 21 January, 1949, when the clerk acted upon the motion of plaintiffs for judgment by default final, it appeared that defendant had filed an answer on 19 January, 1949. If it were not filed within the meaning of the law plaintiffs, upon motion so to do, might have had the answer stricken from the record, and, if such motion were allowed, to move then for judgment by default final. This was not done.

And while the clerk is authorized by statute, G.S. 1-209, to enter all judgments by default final as are authorized in G.S. 1-211, and others, the situation of the record, at the time he came to act on plaintiffs' motion for such judgment, failed to present a case where the defendant had not answered. Hence, so long as the answer remained filed of record, the clerk was without authority to enter a judgment by default final. This being so, the judgment entered may, on motion in the cause, be set aside.

And it is noted that we have here more than there was in the case of *Elramy v. Abeyounis,* 189 N.C. 278, 126 S.E. 743, where it is said, "the defendant's attorney deposited in the clerk's office a paper writing." Hence that case is not controlling here.

Furthermore, this Court has held that where the plaintiff is entitled to judgment by default before the clerk for failure of defendant to answer within the statutory time, he waives this right by waiting until after the clerk has permitted an answer to be filed and the matter has been transferred to the civil issue docket for trial. *Cahoon v. Everton,* 187 N.C. 369, 121 S.E. 612.

Moreover, it is provided by statute, G.S. 1-171, that the pleadings shall be made up and issues joined before the clerk and that after the pleadings have been so made up and issues joined, the clerk shall forthwith transmit the original papers in the cause to the court at term for trial upon the issues, when the case shall be proceeded with according to the course and practice of the court. The transmission is, in effect, by operation of law. Hence, when the answer was filed the transmission took place,—and the case was in Superior Court.

This Court also held in the *Cahoon case, supra,* that where the plaintiff has waived his right to judgment by default before the clerk, and the cause has been transferred to the civil issue docket for trial, the trial judge has the authority, under the provisions of G.S. 1-152, formerly C.S. 536, to allow defendant to amend his answer. In truth, the statute declares that "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order may enlarge the time." But whether this cause was in Superior Court by operation of law or by appeal of defendant from order of the clerk, the judge has jurisdiction. It is provided in G.S. 1-276 that "whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so." This provision is applied most recently in *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; *Moody v. Howell,* 229 N.C. 198, 49 S.E. 2d 233, and *Plemmons v. Cutshall,* 230 N.C. 595, 55 S.E. 2d 74.

For reasons stated, the judgment below is

Affirmed.