MARY FRANCES BELL v. BOBBY MARTIN, JR.

No. 62

(Filed 1 April 1980)

1. **Rules of Civil Procedure § 56— summary judgment—failure to file responsive pleading—allegations of complaint not deemed admitted**

For the purposes of a summary judgment, a defendant's failure to file responsive pleadings does not constitute a conclusive admission of the allegations contained in plaintiff's complaint precluding a defendant from offering affidavits or testimony in opposition to the motion.

2. **Bastards § 10; Rules of Civil Procedure § 38— civil action to establish paternity—failure to demand jury trial—jury trial waived**

   A suit brought for the sole purpose of establishing paternity pursuant to G.S. 49-14 is not a criminal prosecution and cannot be considered criminal in nature simply because plaintiff must meet a higher burden of proof and establish such paternity beyond a reasonable doubt or because the court may enter an order requiring the father to make child support payments, such order being enforceable by contempt; therefore, defendant was not a criminal defendant, and he waived his right to a jury trial by his failure to demand a trial by jury and file such demand with the court. G.S. 1A-1, Rule 38.

ON both plaintiff's and defendant's petitions for discretionary review of an opinion of the Court of Appeals reported at 43 N.C. App. 134, 258 S.E. 2d 403 (1979), affirming an order of summary judgment entered in favor of the plaintiff by *Saunders, J.,* on 28 August 1978 in District Court, MECKLENBURG County, and reversing an order of *Bennett, J.,* dismissing defendant's motion for relief of judgment filed 3 November 1978.

This action was originated by plaintiff seeking an adjudication pursuant to G.S. 49-14 that the defendant was the father of her illegitimate child, and also requesting custody and child support. On 23 November 1977 plaintiff filed a verified complaint containing the allegations noted above, and this complaint along with a civil summons was personally served on defendant Martin on 14 December 1977. On 23 June 1978, plaintiff filed a motion for summary judgment pursuant to G.S. 1A-1 Rule 56, alleging that defendant was served with summons and complaint as of 14 December 1977, and failed to file answer within the time required by G.S. 1A-1 Rule 12(a)(1). Hearing on plaintiff's motion was scheduled for 26 July 1978. At that hearing defendant was present and represented by counsel; however, by order of Saunders, J., the hearing on plaintiff's motion for summary judgment was continued until August 24, 1978. Judge Saunders further ordered that "either party may file such documents as may be permissible under and in accord with the Rules of Civil Procedure." In accordance with this order, plaintiff amended her complaint by adding a certified copy of the child's birth certificate. Plaintiff also obtained the affidavits of Don M. Ward, defendant's employer, alleging defendant's financial ability to pay child support, and of Mrs. K. Sumerford, alleging that plaintiff was presently receiving $80.00 per month in State funded child support.

During the period of the continuance, no responsive pleading was filed by the defendant. On August 24, 1978 the matter of plaintiff's motion for summary judgment came on for hearing before Judge Saunders. Both plaintiff and defendant were represented by counsel, and defendant was present in court. At this hearing Judge Saunders held that "from the allegations of the duly verified complaint, and the amendment thereto, none of which has been answered by the defendant, and from the affidavits filed by the plaintiff, . . . there is not an issue as to any material fact. . . ." Summary judgment was then entered in favor of the plaintiff on 28 August 1978. By this order, defendant was adjudged the father of plaintiff's child and required to pay child support in the amount of $80.00 per month. Defendant gave notice of appeal to the Court of Appeals from Judge Saunders' order. Following this notice of appeal, on September 20, 1978, defendant filed answer to plaintiff's amended complaint, setting forth affirmative defenses as well as denials to plaintiff's allegations. On that same date, defendant filed a motion for relief of judgment pursuant to G.S. 1A-1 Rule 60(b). On September 22, 1978 plaintiff filed a motion to strike defendant's purported answer as having been filed after the time permitted. On 3 November 1978, Judge Walter Bennett dismissed defendant's Rule 60(b) motion for relief of judgment, and plaintiff's motion to strike, on the grounds that with the case pending on appeal, the district court had no jurisdiction to determine either motion. From this order, defendant also appealed.

The Court of Appeals in *Bell v. Martin*, 43 N.C. App. 134, 258 S.E. 2d 403 (1979), consolidated both defendant's appeals in one opinion. That court affirmed Judge Saunders' granting of summary judgment, but reversed Judge Bennett's holding that the district court was without jurisdiction to hear the Rule 60(b) motion for relief of judgment.

From the Court of Appeals' opinion both plaintiff and defendant petitioned this Court for further review pursuant to G.S. 7A-31. Both petitions were allowed 8 January 1980.

*Ruff, Bond, Cobb, Wade and McNair by Timothy M. Stokes, for plaintiff-appellee Bell.*

*McConnell, Howard, Pruett, and Bragg by Rodney S. Toth, for defendant-appellant Martin.*

BROCK, Justice.

Plaintiff's petition to this Court presented the question of the trial tribunal's jurisdiction to hear a Rule 60(b) motion for relief of judgment subsequent to an appeal of the action. At oral argument this question was abandoned by counsel for the plaintiff, and thus will not be addressed by this opinion. Therefore, the sole question presented for review .is the propriety of summary judgment entered by Judge Saunders against the defendant on August 28, 1978.

Under G.S. 1A-1 Rule 56(c), summary judgment is appropriate if the moving party can show by the use of pleadings, depositions, answers to interrogatories, admissions on file and affidavits that (1) there is no genuine issue as to any material fact, and (2) that any party is entitled to judgment as a matter of law. *Accord, Page v. Sloan*, 281 N.C. 697, 704, 190 S.E. 2d 189, 193 (1972); *Pitts v. Pizza, Inc.*, 296 N.C. 81, 85, 249 S.E. 2d 375, 378 (1978). In the case *sub judice*, in support of her motion for summary judgment, plaintiff submitted her verified complaint alleging that "defendant is the father of the minor child De'lancey Monte Bell," and a certificate verifying the child's live birth with plaintiff as its mother. She also submitted two separate affidavits: One from defendant's employer alleging the financial status of the defendant showing his ability to assume payment of child support; and a second affidavit from an employee of the Mecklenburg County Department of Social Services alleging the amount of child support presently being paid by the State of North Carolina. On these pleadings, and noting that due to the defendant's failure to answer there were no controverted issues of material fact remaining, Judge Saunders rendered summary judgment for plaintiff requiring defendant to pay into the clerk Superior Court, Mecklenburg County, $80.00 per month in child support. Judge Saunders concluded, and the Court of Appeals agreed, that by failure of the defendant to answer plaintiff's complaint, for purposes of summary judgment, he admitted all the allegations contained therein.

[1] We agree that in certain circumstances failure to file a responsive pleading will result in an admission of the complaint's allegations. (See discussion of G.S. 1A-1 Rule 55 *infra*.) However for the purposes of a summary judgment, we hold that a defendant's failure to file responsive pleadings does not constitute

a conclusive admission of the allegations contained in plaintiff's complaint precluding a defendant from offering affidavits or testimony in opposition to the motion.

As noted above, for plaintiff as the party moving for summary judgment, to be entitled to such a judgment, she must show that there are no material factual issues remaining, and that she is entitled to judgment as a matter of law. To meet this burden she may use any of the means authorized by G.S. 1A-1 Rule 56(c). If plaintiff, as movant, comes forward with evidence showing the lack of a material issue of fact, it would then become incumbent upon the defendant, as non-movant, to present affidavits showing why summary judgment would not be appropriate. G.S. 1A-1 Rule 56(e). By holding that a defendant's failure to answer conclusively admits all the allegations in a plaintiff's complaint for the purposes of summary judgment, the trial court and the Court of Appeals effectively eliminated such a defendant's right to present affidavits showing a material factual issue in order to prevent summary judgment from being entered against him. In holding failure to answer constitutes admission for purposes for summary judgment, the burden of showing no material factual issues is shifted from the plaintiff, movant. This is contra to the purpose of G.S. 1A-1 Rule 56, for pursuant to that rule, the burden of initially coming forward with affidavits "clearly establishing the lack of any triable issue of fact" rests solely with the movant. 281 N.C. at 704, 190 S.E. 2d at 193.

G.S. 1A-1 Rule 56(a) provides in part as follows:

"A party seeking to recover upon a claim . . . may, at any time after the expiration of 30 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

G.S. 1A-1 Rule 12(a)(1) provides in part: "[a] defendant shall serve his answer within 30 days after service of the summons and complaint upon him." Under the ruling of the trial court and of the Court of Appeals that failure to answer constitutes a conclusive admission of the complaint's allegations for the purpose of summary judgment, the following scenario is possible:

Plaintiff files complaint and civil summons and both are served on defendant on March 1. On 30 March, 30 days from service of the complaint, plaintiff moves for summary judgment pursuant to G.S. 1A-1 Rule 56(a). Due to defendant's failure to file answer during the time period required by G.S. 1A-1 Rule 12(a)(1), all the allegations of plaintiff's complaint would be conclusively admitted. Therefore with no material issues of fact remaining, summary judgment would properly be granted in favor of plaintiff.

Defendant's failure to file answer during the first 30 days of March was due to excusable neglect, and caused no prejudice to plaintiff. In all probability, defendant also has a meritorious defense to plaintiff's action.

Premised upon the theory that by failing to answer, defendant has conclusively admitted the allegations contained in plaintiff's complaint for the purposes of summary judgment, defendant would not be given the opportunity to show excusable neglect for his failure to file. Nor would defendant be able to demonstrate the merits of his defense to plaintiff's action. We are of the opinion that this result is erroneous. We hold therefore, that for purposes of summary judgment, a defendant's failure to file answer does *not* constitute a conclusive admission of the allegations in a plaintiff's complaint so as to preclude such defendant from offering affidavits or testimony in opposition to the motion.

Under the facts of this case, we do not suggest that a defendant may simply refuse to answer plaintiff's complaint and thereby indefinitely forestall litigation. If after he receives the complaint and summons, defendant fails to file answer within the 30 day period as required by G.S. 1A-1 Rule 12(a)(1) plaintiff may move for entry of default under G.S. 1A-1 Rule 55(a), and thereafter seek judgment by default under G.S. 1A-1 Rule 55(b). Rule 55(a) provides specifically that entry of default would have been appropriate here. In its pertinent part, Rule 55(a) provides as follows:

"(a). ENTRY. When a party against whom a judgment for affirmative relief is sought has failed to plead . . . and that fact is made to appear by affidavit [or] motion of attorney for the plaintiff, . . . the clerk shall enter his (the party failing to file) default."

In Wright and Miller, Federal Practice and Procedure: Civil, § 2688, it is stated:

> "Once the default is established defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. If he wishes an opportunity to challenge plaintiff's right to recover, his only recourse is to show good cause for setting aside the default . . . and, failing that, to contest the amount of recovery." (*See Harris v. Carter*, 33 N.C. App. 179, 234 S.E. 2d 472 (1977) holding G.S. 1A-1 Rule 55 to be the counterpart to Federal Rules of Civil Procedure Rule 55.)

When default is entered due to defendant's failure to answer, the substantive allegations raised by plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment are deemed admitted. *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 509, 181 S.E. 2d 794, 798 (1971). However, following entry of default in favor of plaintiff, defendant is entitled to a hearing where he may move to vacate such entry. His motion to vacate is governed by the provisions of G.S. 1A-1 Rule 55(d) which provides as follows:

> "(d) SETTING ASIDE DEFAULT. For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)."

In moving for relief of judgment pursuant to Rule 55(d), the burden is on the defendant, as the defaulting party, not to refute the allegations of plaintiff's complaint, nor to show the existence of factual issues as in summary judgment, but to show *good cause* why he should be allowed to file answer to plaintiff's complaint. *See Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970).

In the case *sub judice* had plaintiff moved for entry of default, upon entry, defendant would have been without standing to challenge the complaint's allegations, and unless he could show good cause for his failure to file answer would have been deemed to have admitted the allegations contained therein. In that situation judgment could have properly been entered against him if he could not show *good cause* for having failed to file answer. Upon defendant's failure to answer, plaintiff also could have requested a trial on the merits. Here, however, plaintiff moved *only* for sum-

mary judgment. For reasons noted earlier in this opinion, we hold the defendant's failure to answer did *not*, for the purpose of summary judgment, constitute a conclusive admission eliminating all controverted issues of material fact. Plaintiff was not entitled to judgment as a matter of law.

[2] Based upon the foregoing discussion, it is clear that plaintiff could have proceeded either by seeking a judgment by default, or a trial upon the merits of her case. Defendant argues that because plaintiff must prove his paternity beyond a reasonable doubt pursuant to G.S. 49-14(b), the proceeding to establish paternity is quasi-criminal in nature, and as a criminal defendant he is entitled to a jury trial. We disagree. First, we hold that a paternity suit maintained under G.S. 49-14 is a civil action the purpose of which is to force a father to recognize and support his illegitimate child. There are three Articles contained within G.S. 49. Article III (G.S. 49-14 *et seq.*) is entitled *Civil Actions Regarding Illegitimate Children.* This Article creates no criminal offenses, nor does it contain criminal penalties which would punish a defendant for failure to comply with its provisions. In the present case plaintiff brought her action under Article III — G.S. 49-14. Article II provides for the legitimation of children, and Article I (G.S. 49-2 through 49-8) provides for *support* of illegitimate children. G.S. 49-2 makes failure of a parent to support an illegitimate child a misdemeanor, and subjects the non-supporting parent to criminal penalties as therein provided. This Court has held G.S. 49-2 to be criminal in nature with the "only prosecution contemplated under this statute . . . grounded on the wilful neglect or refusal of a parent to support his or her illegitimate child." *State v. Ellis,* 262 N.C. 446, 449, 137 S.E. 2d 840, 843 (1964). The crime punishable by G.S. 49-2 is wilful neglect or refusal *to pay child support,* not paternity. Under G.S. 49-2 paternity is not in and of itself a crime. It is the additional finding of non-support which authorizes criminal prosecution. Therefore a suit brought for the sole purpose of establishing paternity pursuant to G.S. 49-14, is not a criminal prosecution and cannot be considered criminal in nature simply because plaintiff must meet a higher burden of proof, and establish such paternity beyond a reasonable doubt. The fact that a judgment of paternity under G.S. 49-14 authorizes the entry of an order requiring the father to make child support payments, which order is enforceable by contempt, does not convert the

paternity action to a criminal proceeding. If that were the case, actions for alimony or any other injunctive relief would also have to be considered criminal actions.

Having determined the action by plaintiff to establish paternity to be civil in nature, we also hold that by his failure to demand a trial by jury, and file it with the court, defendant waived his right to a jury trial. G.S. 1A-1 Rule 38(d). *See Sykes v. Belk,* 278 N.C. 106, 123, 179 S.E. 2d 439, 449 (1971). If during further proceedings in this cause defendant obtains the right to file answer, either party may of course demand trial by jury as provided by G.S. 1A-1 Rule 38(b).

The opinion of the Court of Appeals is reversed, and this cause is remanded to the Court of Appeals for its remand to the District Court, Mecklenburg County for further proceedings.

Reversed and remanded.