CALVIN E. PEEBLES v. HAROLD MOORE

No. 13

(Filed 4 March 1981)

**Rules of Civil Procedure § 55— entry of default — effect of untimely answer**

Defaults may not be entered after answer has been filed, even though the answer is late. G.S. 1A-1, Rule 55(a)

ON discretionary review to review the decision of the Court of Appeals, reported in 48 N.C. App. 497, 269 S.E. 2d 694 (1980), which reversed a judgment of default against defendant entered by *Canaday, J.*, 13 September 1979 at WAKE County Superior Court.

On the motion for default judgment, Judge Canaday had before him the following facts: On 24 January 1979, plaintiff filed a complaint seeking damages for injuries allegedly proximately caused by defendant's negligent operation of his motorcycle. The summons and complaint were served on defendant 28 January 1979. Defendant's answer denying negligence and alleging contributory negligence on the part of plaintiff was not filed until 6 March 1979, which date was beyond the thirty-day time limit for responsive pleadings as set out in Rule 12(a)(1). On 9 April 1979 upon oral request from plaintiff, the Clerk of Wake County Superior Court made an entry of default against defendant. On the same day, plaintiff filed a reply to defendant's answer denying that plaintiff was contributorily negligent.

On 24 April 1979, defendant moved to have the Clerk's entry of default set aside. In support of this motion, defendant filed the affidavit of John F. Hester, Claims Attorney for Nationwide Mutual Insurance Company, defendant's insurer. In the affidavit, Mr. Hester explained the course of events leading to the late filing of the answer as follows: Nationwide received notice of the lawsuit on 9 February 1979, and Mr. Hester notified the company's counsel, George R. Ragsdale, through Mr. Ragsdale's secretary, that he would send along the file on the case in about seven days. Three days later the file was removed from Mr. Hester's desk before its entry on the company's automatic diary which keeps track of the procedural posture of the company's cases. The misplacement of the case file did not come to the attention of Mr. Hester until 5 March 1979 when he received a call from plaintiff's attorney. Thereupon, Mr. Hester called Mr. Ragsdale, and defendant's answer was filed on 6

March 1979.

On 13 September 1979, Judge Canaday heard defendant's motion to set aside the Clerk's entry of default and plaintiff's motion for default judgment based on the entry. Judge Canaday denied defendant's motion to set aside the entry and granted plaintiff a default judgment on the issue of liability. The judge found that "defendant has not shown good cause for setting aside the entry of default . . . ."

The Court of Appeals reversed the trial judge and, in an opinion by Chief Judge Morris, held that the Clerk of Superior Court properly made the initial entry of default despite the presence of defendant's answer. The Court of Appeals, however, concluded that Judge Canaday had abused his discretion in failing to set aside the entry of default pursuant to defendant's motion. We granted plaintiff's petition for discretionary review on 4 November 1980.

*Sanford, Adams, McCullough & Beard, by J. Allen Adams, Peter J. Sarda and William G. Pappas for plaintiff.*

*Ragsdale & Liggett, by George R. Ragsdale and Jane Flowers Finch for defendant.*

BRANCH, Chief Justice.

Plaintiff first takes the position that under Chapter 1A-1 of the General Statutes a clerk of the superior court has authority to enter a default even though an answer is on file prior to the request for entry of default. Defendant on the other hand argues that the established practice in North Carolina does not permit a clerk to enter a default when an answer is on file, and that the adoption of Chapter 1A-1 does not affect the established rule. He relies on a line of cases represented by *Bailey v. Davis*, 231 N.C. 86, 55 S.E. 2d 919 (1949). In *Bailey* the clerk of the court entered a default judgment for plaintiff even though defendant had previously filed a tardy answer. Affirming the trial judge's order setting aside the default, this Court stated:

> [W]hile the clerk is authorized by statute, G.S. 1-209, to enter all judgments by default final as are authorized in G.S. 1-211, and others, the situation of the record, at the time he came to act on plaintiffs' motion for such judg-

ment, failed to present a case where the defendant had not answered. Hence, so long as the answer remained filed of record, the clerk was without authority to enter a judgment by default final. This being so, the judgment entered may, on motion in the cause, be set aside.

\* \* \*

Furthermore, this Court has held that where the plaintiff is entitled to judgment by default before the clerk for failure of defendant to answer within the statutory time, he waives this right by waiting until after the clerk has permitted an answer to be filed and the matter has been transferred to the civil docket for trial. *Cahoon v. Everton,* 187 N.C. 369, 121 S.E. 612.

*Id.* at 89-90, 55 S.E. 2d at 921.

We note parenthetically that G.S. 1-273 still provides that when issues are joined the case shall be transferred to the superior court for trial.

The holding in *Bailey* was clearly reenunciated in *White v. Southard,* 236 N.C. 367, 72 S.E. 2d 756 (1952). There we find the following language:

A clerk of the Superior Court may, in proper cases, when no answer has been filed, enter a judgment by default final or default and inquiry as authorized by G.S. 1-211, 1-212 and 1-213. G.S. 1-214. However, when an answer has been filed, whether before or after the time for answering had expired, so long as it remains filed of record, the clerk is without authority to enter a judgment by default. *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; *Cahoon v. Everton,* 187 N.C. 369, 121 S.E. 612; *Investment Co. v. Kelly,* 123 N.C. 388, 31 S.E. 671.

*Id.* at 368, 72 S.E. 2d at 757. *See also Steed v. Cranford,* 7 N.C. App. 378, 172 S.E. 2d 209 (1970).

We recognize all of these cases were handed down prior to the adoption of Chapter 1A-1, Rules of Civil Procedure. Under the old practice the recognition of defendant's default by the clerk was by entry of default judgment in some circumstances or by entry of default judgment and inquiry in others. Under the modern rules

the clerk recognizes a defendant's default by an entry of default. Entry of judgment by default under the former practice and entry of default under the modern rules are similar in that they both indicate a recognition by the clerk that defendant has not timely filed an answer. Nevertheless, we must still decide whether the enactment of Chapter 1A-1 of the General Statutes modified the previously existing law so as to permit an entry of default when answer has been filed, though it be late.

The Court of Appeals adopted plaintiff's position and, in an opinion by Judge Morris, concurred in by Judges Erwin and Clark, the court concluded that "decisions under the modern Rules of Civil Procedure appear to have modified this procedure." The authorities upon which the Court of Appeals relied are *Crotts v. Pawn Shop, Inc.*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied*, 282 N.C. 425, 192 S.E. 2d 835 (1972), and *Bell v. Martin*, 299 N.C. 715, 264 S.E. 2d 101 (1980). The Court of Appeals' reliance on these cases is misplaced.

*Bell v. Martin, supra*, is clearly distinguishable from the case before us for decision. In *Bell* the Court considered a motion for summary judgment pursuant to G.S. 1A-1, Rule 56. The statement in *Bell* upon which the Court of Appeals relied is as follows:

> [W]e do not suggest that a defendant may simply refuse to answer plaintiff's complaint and thereby indefinitely forestall litigation. If after he receives the complaint and summons, defendant fails to file answer within the 30 day period as required by G.S. 1A-1 Rule 12(a)(1) plaintiff may move for entry of default under G.S. 1A-1 Rule 55(a), and thereafter seek judgment by default under G.S. 1A-1 Rule 55(b). Rule 55(a) provides specifically that entry of default would have been appropriate here.

*Id.* at 720, 264 S.E. 2d at 105.

The above-quoted language is clearly *dicta*. Further, this *dicta* statement was addressed to a factual situation in which no answer had been filed. The crucial question before us in instant case is whether a plaintiff is entitled to entry of default *when an answer is on file*.

In *Crotts* plaintiff instituted an action on 15 September 1971. Defendant filed answer on 27 October 1971, twelve days beyond the time allowed by Rule 12(a)(1). On 24 January 1972 an entry of

default signed by the clerk was filed. Judge McConnell entered an order setting aside the entry of default. Plaintiff appealed, and the Court of Appeals affirmed, finding that the trial judge properly acted within his discretion upon finding that good cause existed to set aside the entry of default. The Court of Appeals, without citation of authority, proceeded to state:

> Before depositing its answer with the clerk defendant did not move under Rule 6(b) for enlargement of time to file answer, therefore, its tardily deposited answer did not constitute a bar to the entry of default. Under the circumstances, the answer was merely proffered for filing. Defendant has not yet made a motion under Rule 6(b) for enlargement of time to file answer, and, therefore, no answer has been filed. The portion of the judgment which states "so that the case may be decided on its merits" constitutes surplusage and is disregarded.

16 N.C. App. at 394, 192 S.E. 2d at 56. No authority was cited for the ruling that the tardily filed answer was not filed but was only *proffered* for filing. For many years the rule in this jurisdiction has been that a paper writing is deemed to be filed when it is delivered for that purpose to the proper officer and received by him. *Power Co. v. Power Co.*, 175 N.C. 668, 96 S.E. 99 (1918); *Bailey v. Davis, supra.*

In the case before us, it is obvious that the answer was delivered to the proper person and received by him for filing. Although we find nothing in *Crotts* to explain its departure from the established North Carolina rule, Chief Judge Morris in the case *sub judice* stated that *Crotts* represents "the better reasoned view and is in keeping with the spirit of the time limits of the Rules of Civil Procedure." *Peebles v. Moore, supra,* at 501, 269 S.E. 2d at 697. We find this reasoning unpersuasive. The Court of Appeals seemed to base its conclusion upon G.S. 1A-1, Rule 6(b) and G.S. 1A-1, Rule 12(a)(1). Comparison of Rule 6(b) with the former statutes G.S. 1-125, G.S. 1-152 and G.S. 1-220 discloses that the new rule is more detailed than the former rules, but there is "no basic change of procedure." *Comment,* G.S. 1A-1, Rule 6(b), Section (b). Neither do we discern any basic difference in the provisions of G.S. 1A-1, Rule 12(a)(1), and the corresponding provisions contained in G.S. 1-125. Each statute merely sets forth a timetable for the filing of responsive pleadings. We further note that neither of the two new rules

imposes any sanction for filing a late answer. We therefore conclude that the enactment of these new rules is not determinative of the question before us. If the enactment of G.S. 1A-1 changed the then existing practice concerning defaults, such change must be found in the language of G.S. 1A-1, Rule 55(a). That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for plaintiff, or otherwise, the clerk shall enter his default.

The portion of G.S. 1A-1, Rule 55, applicable to the facts of the case before us, requires a clerk to make an entry of default "when a party . . . has failed to plead . . . ." When a party has answered, it cannot be said that he "has failed to plead . . . ." We are unable to perceive anything in this language or in the language of the entire rule, G.S. 1A-1, Rule 55, which alters the established law that defaults may not be entered after answer has been filed, even though the answer be late.

We believe that the better reasoned and more equitable result may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise. McIntosh, North Carolina Practice and Procedure (1970, Phillips Supp.) § 1670; 3 Barron and Holtzoff, Federal Practice and Procedure (Wright ed., 1961) § 1216.

Here plaintiff does not contend that his right to fairly litigate his action has been impaired because defendant tardily filed his answer. The record shows that defendant was a few days late in filing his answer, and plaintiff delayed until answer was filed and issues joined before seeking entry of default and before filing a reply. Without considering the questions of just cause, excusable neglect or waiver, we conclude that justice will be served by vacating the entry of default and permitting the parties to litigate the joined issues.

For reasons stated, we hold that the Clerk of Superior Court of Wake County was without authority to enter the default when the answer was on file. In light of this holding, we do not deem it necessary to address the question of whether the trial judge abused

his discretion in refusing to set aside the entry of default.

This cause is remanded to the Court of Appeals with direction that it be remanded to Wake County Superior Court for proceedings consistent with this opinion.

Modified and affirmed.