**EDEN'S GATE, LTD. v. LEEPER**

[121 N.C. App. 171 (1995)]

EDEN'S GATE, LTD., D/B/A AWAY WE GO TRAVEL, PLAINTIFF-APPELLEE V. AVIS
KEOWN LEEPER AND DAVID LEEPER, JR., DEFENDANTS-APPELLANTS

No. COA95-236

(Filed 19 December 1995)

**Judgments § 156 (NCI4th); Pleadings § 280 (NCI4th)— pre-answer motion to dismiss—no responsive pleading under Rule 12—entry of default judgment proper**

The trial court did not err in granting plaintiff's motion for default judgment since defendants' pre-answer motion to dismiss was not a responsive pleading within the purview of Rule 12 of the North Carolina Rules of Civil Procedure preventing the entry of default judgment pursuant to Rule 55.

**Am Jur 2d, Judgments §§ 284.**

Appeal by defendants from Order and Judgment entered 9 August 1994 by Judge Zoro J. Guice, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 December 1995.

*Andrew D. Taylor, Jr. & Associates, by Andrew D. Taylor, Jr., plaintiff-appellee.*

*DeVore & Acton, P.A., by Troy J. Stafford, for defendants-appellants.*

JOHNSON, Judge.

Plaintiff Eden's Gate, Ltd., d/b/a Away We Go Travel is a corporation organized and existing under the laws of the state of North Carolina, and doing business in Charlotte, North Carolina. On or about 30 October 1992, defendants Avis Keown Leeper and David Leeper, Jr., acting as agents for a corporation entitled Away We Go, Inc., began to negotiate with plaintiff corporation for the purchase of the remaining seventy-one percent (71%) of Away We Go Travel from Eden's Gate, Ltd. Away We Go Travel, Inc. had previously acquired twenty-nine percent (29%) percent of the travel agency business, Away We Go Travel.

After some negotiation, a purchase price of $62,500.00 was agreed upon and plaintiff corporation and defendants subsequently entered into an Installment Sale Note and Agreement for Sale of Assets of Away We Go Travel (hereinafter "Installment Sale Note and

Agreement). Thereafter, on or about 15 February 1993, defendants moved in, took possession of, and operated the business known as Away We Go Travel as their own business, engaging in a course of conduct which demonstrated that they had purchased plaintiff corporation.

On 14 October 1993, however, defendants notified plaintiff corporation that they no longer wished to purchase Away We Go Travel. Defendants subsequently vacated the premises and failed to make payments under the Installment Sale Note and Agreement.

On 5 January 1994, plaintiff corporation filed a Complaint, alleging breach of contract, fraud and conversion, and unfair and deceptive trade practices. The Complaint was served on defendants on 20 January 1994. Upon receiving the Complaint, defendants consulted Attorney John F. Rudisill, but did not retain him. Defendants also consulted a Mecklenburg County Assistant Clerk of Court about the proper procedure to follow in seeking an extension of time in which to file an answer. After obtaining a copy of a form of a Motion and Order for Extension of Time from the Mecklenburg County Law Library, Mr. Leeper completed the forms, writing in the pertinent information in the spaces provided. In fact, Mr. Leeper wrote in the name of Attorney John F. Rudisill as attorney of record in the space provided on the forms. The Motion and Order for Extension of Time to Answer (until 21 March 1994) was subsequently signed by an Assistant Clerk of Court and entered into the record on 16 February 1994.

Upon being notified that his name was on the Motion and Order for Extension of Time filed by defendants, Attorney Rudisill petitioned the court, with the consent of defendants, to withdraw as counsel of record for defendants. Attorney Rudisill was permitted to withdraw as counsel for defendants by Court Order dated 20 March 1994.

On or about 18 March 1994, defendants contacted Attorney Troy J. Stafford in order to discuss this case. Notably, Attorney Stafford did not, however, file a Notice of Appearance until 28 July 1994. During the course of the discussion with defendants about the merits of this case, Attorney Stafford contacted counsel for plaintiff corporation and requested an extension of time beyond 21 March 1994 to answer the Complaint. After Attorney Stafford's conversation with plaintiff's counsel, he told defendants that they had until 24 March 1994 to file a responsive pleading. It was subsequently determined,

**EDEN'S GATE, LTD. v. LEEPER**

[121 N.C. App. 171 (1995)]

however, that plaintiff's counsel had not agreed to an extension of time to 24 March 1994, but, instead, had told Attorney Stafford, "get whatever you've got in as soon as you can." On 24 March 1994—after the 21 March deadline, provided by the 16 February Order—defendants, pro se, filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the North Carolina Rules of Civil Procedure. The matter was calendared for hearing.

On or about 21 July 1994, plaintiff corporation filed a Motion for Default Judgment, a Motion to Dismiss, a Motion to Strike, and a Motion for Sanctions. These matters were subsequently heard before Judge Zoro J. Guice, Jr. on 1 August and 8 August 1994 in Mecklenburg County Superior Court. An Order was filed on 9 August 1994, granting plaintiff entry of default and default judgment. Consequently, on or about that same date, defendants stated that they filed a Motion for Relief from Judgment and a Motion to Set Aside the Entry of Default. However, reference to these two motions were not in the Record on Appeal.

Defendants filed Notice of Appeal from Judge Guice's 9 August Order with this Court on 18 August 1994. After filing its Record on Appeal, defendants, with plaintiff's consent, filed a Motion to Withdraw and Substitute Record on Appeal. This Motion was granted by this Court by Order entered 27 April 1995.

Defendants' sole argument on appeal is that the trial court erred in granting plaintiff's Motion for Default Judgment, Motion to Dismiss, Motion to Strike, and Motion for Sanctions. In their argument, defendants liken their pre-answer Motion to Dismiss to an answer, arguing that the Motion to Dismiss would be a responsive pleading within the confines of Rule 12 of the North Carolina Rules of Civil Procedure, preventing the entry of default judgment pursuant to Rule 55 of these same Rules. We cannot agree.

Rule 12 of the North Carolina Rules of Civil Procedure provides in pertinent part,

(a)(1) When Presented.—A defendant shall serve his answer within 30 days after service of the summons and complaint upon him. . . . Service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court:

a.   The responsive pleading shall be served within 20 days after notice of the court's action in ruling on the

> motion or postponing its disposition until the trial on the merits; . . . .

N.C. Gen. Stat. § 1A-1, Rule 12. (1990). Rule 55 of the North Carolina Rules of Civil Procedure provides that default judgment may be entered against a party who has failed to plead, by judge or clerk of court. N.C. Gen. Stat. § 1A-1, Rule 55 (Cum. Supp. 1994). Generally, default judgments are not favored. For example, our Courts have held that defaults may not be entered after a responsive pleading is filed, even though the pleading is late, as defaults should not be entered, even though technical default is clear, if justice may be served otherwise. *See Peebles v. Moore*, 302 N.C. 351, 275 S.E.2d 833 (1981); *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 330 S.E.2d 664 (1985). The complaint, answer, and reply have been denominated as pleadings. N.C. Gen. Stat. § 1A-1, Rule 7 (1990).

The facts in the instant case tend to show that defendants were served with plaintiff's Complaint on 20 January 1994. Further, on 16 February 1994, prior to the expiration of the thirty-day time period in which defendants had to answer, defendants filed a Motion and Order for Extension of Time to File an Answer. Subsequently, notwithstanding defendants' writing in the name of an attorney who did not represent their interests, an Assistant Clerk of Court for Mecklenburg County entered an Order allowing defendants until 21 March 1994 to answer plaintiff's Complaint. Defendants thereafter filed a Motion to Dismiss, pro se, on 24 March 1994, after the date provided by the 16 February Court Order, and asked that said Motion be calendared for hearing. Finally, plaintiff corporation filed a Motion for Default Judgment, along with other motions, on 21 July 1994. Plaintiff's motions were subsequently granted by presiding Judge Guice.

In spite of defendants' arguments to the contrary, "pleadings" are quite different from "motions" in this context. Sections (a) and (b) of Rule 7 of the North Carolina Rules of Civil Procedure clearly delineate the difference between pleadings and motions. *See* N.C. Gen. Stat. § 1A-1, Rule 7(a),(b). Moreover, defendants' reliance on *Fieldcrest Cannon Employees Credit Union v. Mabes*, 116 N.C. App. 351, 447 S.E.2d 510 (1994), and *Peebles*, 302 N.C. 351, 275 S.E.2d 833, in support of their argument to the contrary is misplaced. In both of these cases, the defendants had filed tardy *answers*, which are considered pleadings within the confines of Rule 12 of our Rules of Civil Procedure, not tardy *pre-answer motions*, as in this case.

Defendants would have us overlook the fact that, not only was the 16 February 1994 Court Order granted upon questionable circumstances, but also that their Motion to Dismiss—and not a responsive pleading—was filed after the date provided in the questionably obtained 16 February 1994 Court Order. In the interest of justice, we simply cannot do so.

For these reasons, we affirm the trial court's entry of default judgment.

Affirmed.

Judges WALKER and SMITH concur.