Hefner v. Mission Hosp., Inc., 2016 NCBC 21.

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

STEPHEN HEFNER, on behalf of
himself and all others similarly
situated,

           Plaintiff,

      v.

MISSION HOSPITAL, INC., a North
Carolina Corporation; and MISSION
HEALTH SYSTEM, INC., a North
Carolina Corporation, collectively
doing business as MISSION
HEALTH; and DOES 1 through 25,
inclusive,

           Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 3088

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER & OPINION

{1}    THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Appeal ("Motion"). For the reasons explained below, the Motion is GRANTED, and Plaintiff's appeal is DISMISSED.

> *Higgins Benjamin, PLLC by John F. Bloss and Barry L. Kramer Law Offices by Barry L. Kramer (*pro hac vice*) for Plaintiff.*

> *Robinson Bradshaw & Hinson, P.A. by Robert W. Fuller and Fitz E. Barringer for Defendants.*

Gale, Chief Judge.

## I.    BACKGROUND

{2}    The relevant facts necessary to decide the Motion are largely undisputed.

{3}    The parties agree that, pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure ("Appellate Rule(s)"), the notice of appeal at issue was required to be filed with the Buncombe County Clerk of Superior Court ("Clerk of

Court") no later than January 19, 2016.  N.C. R. App. P. 3(a), (c).  The Clerk of Court file stamped the Notice of Appeal of the Court's Final Order and Class Certification Order ("Notice of Appeal") on January 20, 2016.  Plaintiff contends that the Notice of Appeal was in the Clerk of Court's possession on or before that date, such that Appellate Rule 3 was satisfied.  Defendants challenge Plaintiff's proof that the Clerk of Court received the Notice of Appeal before January 20, 2016.  Defendants further contend that, in any event, the date of filing is controlled by the file stamp and that the Notice of Appeal was therefore untimely.

{4}    The Court executed and electronically filed in its filing system an Order & Opinion ("Final Order") on December 15, 2015, that dismissed all of Plaintiff's claims and denied reconsideration of the Court's December 8, 2014, Order Denying Plaintiff's Motion for Class Certification ("Class Certification Order").  The Court mailed that Final Order to the Clerk of Court, who then file stamped it on December 17, 2015.

{5}    On January 8, 2016, Plaintiff's counsel electronically filed Plaintiff's Notice of Appeal.  Plaintiff's counsel also sent Plaintiff's Notice of Appeal via FedEx, return receipt requested, addressed to "Buncombe County Courthouse, ATTN: Civil Division."  (Pl.'s Resp. Opp'n Defs.' Mot. Dismiss Pl.'s Appeal Ex. C, at Ex. B.)  Plaintiff's counsel received an e-mail confirmation that the FedEx package was delivered on January 12, 2016.

{6}    Plaintiff has provided affidavits indicating that the FedEx package that contained the Notice of Appeal was not delivered to Clerk of Court but instead was delivered to the Sheriff's Department of Buncombe County ("Sheriff's Department").  Those affidavits document that the Sheriff's Department has a procedure whereby it delivers certain documents to the Clerk of Court.  However, there is no clear and direct evidence that the Notice of Appeal was, in fact, received by the Clerk of Court before January 20, 2016, the date on which it was file stamped.

## II.    ANALYSIS

{7}     The parties agree that the Notice of Appeal must have been filed no later than January 19, 2016, to satisfy Appellate Rule 3, irrespective of whether the filing deadline is calculated from the date the parties received notice that the Final Order was filed electronically or from the date the original Final Order was filed with the Clerk of Court.  *See* N.C. R. Civ. P. 58; BCR 6.11; *see also E. Brooks Wilkins Family Med., P.A. v. WakeMed*, No. COA15-217, 2016 N.C. App. LEXIS 53, at *12 (Jan. 5, 2016) ("This Court has held a litigant's actual notice of a final order within three days of its entry triggers Rule 3(c) and notice of appeal must be filed within thirty days of the date of entry."); *Carter v. Clements Walker PLLC*, No. 08 CVS 4333, 2014 NCBC LEXIS 12, at *2 n.1 (N.C. Super. Ct. Apr. 30, 2014).

{8}     Because the Notice of Appeal's file stamp indicates that the Notice of Appeal was filed on January 20, 2016, Plaintiff must produce evidence that the Notice of Appeal was filed prior to that date.  *See* N.C. R. Civ. P. 3(a) (noting that the Clerk of Court's entry of the date of filing on a complaint is prima facie evidence of the date of filing); *cf. Ikerd v. Greenwood*, No. 07 CVS 4447, 2008 NCBC LEXIS 11, at *4 (N.C. Super. Ct. Apr. 30, 2008) (holding that the party that files a notice of designation has the burden of showing that the notice was timely filed).

{9}     As the Court stated in *Ehrenhaus v. Baker*, "the trial court is held to a strict construction of Appellate Rule 3."  2014 NCBC LEXIS 30, at *10 (N.C. Super. Ct. July 16, 2014), *cert. denied and appeal dismissed*, __ N.C. App. __, 776 S.E.2d 699 (2015); *see also Am. Mech., Inc. v. Bostic*, Nos. COA15-385, COA15-422, COA15-525, 2016 N.C. App. LEXIS 130, at *8–18 (Feb. 2, 2016), *aff'g* No. 12 CVS 1384, 2014 NCBC LEXIS 48 (N.C. Super. Ct. Oct. 6, 2014).  The law is unclear regarding whether a document is considered to be "filed" only after it has been stamped by a clerk of court.  *See, e.g., Peebles v. Moore*, 302 N.C. 351, 355, 275 S.E.2d 833, 835 (1981) ("For many years the rule in this jurisdiction has been that a paper writing is deemed to be filed when it is delivered for that purpose to the proper officer and received by him."); *cf.* N.C. R. Civ. P. 3(a) (calling the entry of a

date on a complaint "prima facie evidence" of the date of filing, rather than mandating that the date on the file stamp *is* the date of filing).

{10}    Plaintiff's affidavits suggest a possibility that the Clerk of Court had possession of the Notice of Appeal by January 19, 2016, but it is not entirely clear that this was the case.

{11}    The Court is sympathetic to the circumstances in which Plaintiff now finds himself.  However, the Court believes that it must view Plaintiff's proof through the same standard of strict construction under which it must apply the Appellate Rules.  After so doing, the Court holds that Plaintiff has not met his burden of proving that the Notice of Appeal was filed on any day other than January 20, 2016, the date found on the file stamp.  As a result, the Court need not address whether the Notice of Appeal was "filed" as of the date it was delivered to the Clerk of Court.  Having so held, this Court does not have the discretion to allow the appeal, as Appellate Rules 2 and 21 vest such discretion only in the appellate courts.  *Am. Mech., Inc.*, 2016 N.C. App. LEXIS 130, at *18; *see also* N.C. R. App. P. 2, 21.

{12}    Accordingly, this Court must conclude that the Notice of Appeal was untimely filed, Defendants' Motion must be GRANTED, and Plaintiff's appeal must be DISMISSED.

IT IS SO ORDERED this the 29th day of February, 2016.


/s/ James L. Gale
James L. Gale
Chief Special Superior Court Judge
 for Complex Business Cases